406 So.2d 138 (1981)
STATE of Louisiana
v.
Verna BIBLE, Robert Steven Meziere and Billy W. Moore.
No. 66584.
Supreme Court of Louisiana.
November 16, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Lowen B. Loftin, Dist. Atty., William R. Coenen, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Carey J. Ellis, Jr. of Ellis & Ellis, Rayville, for defendants-appellants.
DIXON, Chief Justice.
Defendants, Verna Bible, Robert Steven Meziere and Billy W. Moore, were convicted of possession of a narcotic drug (marijuana) with intent to distribute, in violation of R. S. 40:966. This court affirmed the defendants' convictions and sentences, finding valid the search of a suitcase (containing marijuana) found during the lawful search of the vehicle in which defendants were riding. State v. Bible, 389 So.2d 42 (La.1980). Defendants sought review of that judgment in the United States Supreme Court.[1] The Supreme Court granted certiorari and subsequently remanded the case to this court, ___ U.S. ___, 101 S.Ct. 3153, 69 L.Ed.2d 1001, for further consideration in light of Robbins v. California, 453 U.S. ___, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981).
The events which led to the search and seizure in question began when a previously reliable and confidential informant told a state trooper of a forthcoming marijuana delivery. The informant told the state trooper of the date, place and approximate time of the delivery. He gave the trooper the name of one of the persons who was to make the delivery and described the automobile in which the delivery was to be made. Based on this information, the police officers set up a surveillance on the house trailer to which the marijuana was to be delivered.
Defendants Meziere and Moore were observed entering and leaving the trailer after having arrived in a vehicle (blue and white Monte Carlo) matching the description given by the informant. Moore carried a brown paper bag and Meziere carried a *139 suitcase as they entered the trailer. Verna Bible remained in the vehicle. Approximately ten minutes later, Moore and Meziere came out of the trailer. Moore was not carrying the paper bag but Meziere was still carrying the suitcase, which he placed back in the trunk of the vehicle. They got back into the vehicle and drove away. However, they were stopped and detained at a roadblock established by the officers. Defendants were then advised of their rights but were told that they were not under arrest.
Meanwhile, the officer who remained at the surveillance site observed Tommy Lingefelt leaving the trailer carrying what appeared to be the same paper bag that Moore took into the trailer. Lingefelt placed the bag on the seat of his truck, got in and drove in the same direction as the defendants; however, he was stopped before reaching the roadblock where the defendants were being detained. The officer discovered that the paper bag contained marijuana. He confiscated the marijuana, arrested Lingefelt and proceeded immediately to the roadblock. Upon his arrival, the officer informed the defendants that he intended to search the vehicle. He obtained the keys to the vehicle, opened the trunk and removed the suitcase. He opened the suitcase and found the marijuana which was the target of the defendants' motion to suppress.
This court previously determined that the warrantless search of the suitcase was permissible under the so-called "automobile exception,"[2] in that the officers had probable cause to search the entirety of the vehicle, including the trunk, glove compartment, luggage and other areas. This holding now appears inconsistent with the decision in Robbins v. California, supra.
In Robbins the defendant was stopped by officers of the California Highway Patrol because he had been driving erratically. When the defendant opened the station wagon's door to get his registration, the officers smelled marijuana smoke. One of the officers frisked the defendant and discovered a vial of liquid. While searching the passenger compartment of the station *140 wagon, they found marijuana and equipment for using it. After placing the defendant in the patrol car, the officers opened the tailgate, located a handle set flush in the deck, and lifted it to uncover a recessed luggage compartment. They found a tote bag and two packages wrapped in green opaque plastic. The officers unwrapped the packages and found that each contained fifteen pounds of marijuana. The California Court of Appeal, affirming the judgment of the trial court, found the warrantless opening of the packages constitutionally permissible.
The United States Supreme Court granted certiorari in Robbins "[b]ecause of the continuing uncertainty as to whether closed containers found during a lawful warrantless search of an automobile may themselves be searched without a warrant." 453 U.S. at ___, 101 S.Ct. at 2844, 69 L.Ed.2d at 748. The Court reversed the judgment of the California Court,[3] reaffirming its own decisions in Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) and United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), which disapproved of warrantless searches of personal luggage found in automobiles.
The Court stated that "a closed piece of luggage found in a lawfully searched car is constitutionally protected to the same extent as are closed pieces of luggage found anywhere else." 453 U.S. at ___, 101 S.Ct. at 2845, 69 L.Ed.2d at 750. The Robbins decision recognizes that the automobile exception exists only because of the inherent mobility and diminished expectation of privacy which surrounds the automobile. In refusing to extend this exception to encompass closed pieces of luggage, the Court concluded that no diminished expectation of privacy characterizes luggage. It reasoned that when a person places an object in a closed opaque container, that person reasonably manifests an expectation that the contents will remain free from public examination. Because luggage is a common repository of personal effects, it is inevitably associated with privacy. Additionally, the Court noted that the circumstances which make it impracticable for the police to detain a vehicle on the open road while obtaining a search warrant would not be applicable to luggage, as luggage itself may be brought and kept under the control of the police (the Court chose not to discuss the apparent fact that the Constitutions state and federalprotect against warrantless seizures as well as warrantless searches); only in exigent circumstances should the warrant requirement be obviated.[4]
We reaffirm our previous conclusion in the present case that the officers had probable cause to search the vehicle, and therefore conducted a lawful warrantless search under the automobile exception. We are unable to affirm, however, our previous conclusion that the lawful search of the vehicle included the warrantless opening of the suitcase. The state does not rely on any other exception to the warrant requirement in justifying its actions. Further, our examination of the record shows that there were no special exigencies of the situation which may have required the immediate opening of the luggage. The officers had possession and control of the suitcase, which, under Robbins, may be constitutionally seized without a warrant when there exist probable cause and exigent circumstances, *141 but may not be opened until a magistrate has issued a warrant.
Accordingly, the defendants' convictions and sentences are hereby reversed and set aside and the case is remanded to the trial court for proceedings not inconsistent with this opinion.
BLANCHE, J., dissents.
LEMMON, J., dissents and assigns reasons.
MARCUS, J., dissents for reasons assigned by LEMMON, J.
LEMMON, Justice, dissenting.
On original hearing we upheld the warrantless stopping and searching of the vehicle on the basis of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). We further upheld the warrantless seizure and search of the suitcase located in the trunk on two separate grounds.
First, we believed that Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), should not be applied retroactively to exclude evidence discovered as a result of searches of independent containers located in motor vehicles (even if there was probable cause to believe that the contraband was located exclusively within the container). We relied on the premise that Sanders announced a new prophylactic rule or at least extended previously announced exclusionary rules. See Arkansas v. Sanders, above, Blackmun, J., dissenting. We also relied on the Court's opinion in United States v. Peltier, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1974), which noted that the deterrent purposes of the exclusionary rule are not furthered by suppressing fruits of good faith actions taken in reliance on existing standards.[1] We disagreed with those courts who viewed Sanders as clearly dictated by United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). See United States v. Dion, 609 F.2d 1038 (2nd Cir. 1979), on rehearing, 615 F.2d 10 (2nd Cir. 1980).
Second, we reasoned that Sanders was distinguishable, because (as noted in Chief Justice Burger's concurring opinion in Sanders) the only place within the vehicle (a taxicab) that the police had probable cause to search was the luggage. The officers' sole justification for stopping the taxicab was their information about that piece of described luggage carried by Sanders into the taxicab.
In the present case the officers clearly had probable cause to believe that marijuana was being transported in the blue and white Monte Carlo, but did not have reason to believe that the marijuana was exclusively located in any particular area of the car or within any particular container.[2] Their information was simply that the marijuana would be transported in the described Monte Carlo; their tip did not describe or even mention a particular container, as did the tip in Sanders. Therefore, we concluded that the holding of Sanders did not preclude police, given probable cause to believe that contraband was to be found somewhere in the automobile, from searching any area of the vehicle (including independent containers such as luggage) where the marijuana might reasonably be expected to be found.[3]
*142 Pretermitting the retroactively issue, I believe there is a valid distinction between this case and the "container" cases such as Chadwick, Sanders, and Robbins, which are cited and relied upon in the majority opinion. My conclusion is buttressed by the concurring opinions of Chief Justice Burger in Sanders and of Justice Powell in Robbins, as well as the dissenting opinion of Justice Stevens in Robbins. In the latter opinion Justice Stevens characterized Chadwick and Sanders as "container" cases, rather than "automobile" cases. This distinction accords with Chief Justice Burger's concurrence in Sanders (which we adopted in Bible,) in that the "automobile exception" logically applies to cases in which officers have probable cause to search a vehicle "including the glove compartment, the trunk, and any containers in the vehicle that might reasonably contain the contraband". (Emphasis supplied.) ___ U.S. at ___, 101 S.Ct. at 2855 (Stevens, J., dissenting).[4]
Justice Powell concurred in the result in Robbins because he was willing to "share the plurality's assumption that the police had probable cause to search the container rather than the automobile generally". (Emphasis supplied.) ___ U.S. at ___, 101 S.Ct. at 2849 (Powell, J., concurring). By viewing the case as a "container" case, he recognized a distinction, but pretermitted discussion until a "future case affording an opportunity for more thorough consideration of the basic principles at risk". ___ U.S. at ___, 101 S.Ct. at 2851 (Powell, J., concurring).[5]
*143 After a careful review of the various opinions in Robbins, I see no reason to depart from our carefully considered original position in this case.[6] I would affirm the judgment.
NOTES
[1] Defendants' petition for certiorari questioned the warrantless search of the suitcase and this court's refusal to reverse their convictions based on United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).
[2] Warrantless searches are unreasonable unless they fall under one of the specifically established and well delineated exceptions to the warrant requirement. In State v. Tant, 287 So.2d 458 (La. 1973), this court stated: "[o]ne exception to the general rule is that a moving vehicle may be stopped and searched where `exigent circumstances' make the securing of a search warrant impracticable." Id. at 460. The Supreme Court in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), noting that probable cause is the minimum requirement for a search permitted by the Constitution, stated: "[o]nly in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search." Id. at 51, 90 S.Ct. at 1981, 26 L.Ed.2d at 428.

This exception recognizes the societal costs and burdens placed on police officers by an inflexible requirement to obtain a warrant to search a legally stopped vehicle which is believed to be transporting contraband. Because of the inherent mobility of vehicles, that is, they can be quickly moved out of the jurisdiction in which the warrant must be sought, to require officers to obtain warrants to search legally stopped vehicles may prove to be impracticable. In its discussion of the automobile exception, the Court in Chambers v. Maroney, supra, explained:
"... we see no difference between on the one hand seizing and holding a car [on the open road] before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a search warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." 399 U.S. at 52, 90 S.Ct. at 1981, 26 L.Ed.2d at 428. (Emphasis added).
The Court in Robbins v. California, supra, reasoned that automobile occupants' expectation of privacy is diminished because the automobile is used for transportationnot as a repository of personal effects. Additionally, the automobile's occupants and contents travel in plain view and automobiles are necessarily highly regulated by government.
It should be noted that the "automobile exception" does not give the police unfettered authority to stop, detain and search vehicles at will or upon mere suspicion that the vehicle or its occupants may be involved in illegal activity. The United States Supreme Court has consistently maintained that "probable cause" is the minimum requirement for a search permitted by the Constitution. See Chambers v. Maroney, supra. It is also clear that "the exception does not invariably apply whenever automobiles are searched." Arkansas v. Sanders, 442 U.S. at 760, 99 S.Ct. at 2591 n. 7, 61 L.Ed.2d at 243 n. 7.
[3] The United States Supreme Court had previously granted certiorari in Robbins, vacated the California Court of Appeal judgment affirming the conviction, and remanded the case for further consideration in light of Arkansas v. Sanders, supra. On remand, the court of appeal again found the warrantless opening of the packages constitutionally permissible.
[4] The United States Supreme Court has determined that all luggage may not be entitled to the full protection of the Fourth Amendment because the special exigencies of a situation may justify the warrantless opening of the luggage, for example, the police reasonably believe that the luggage contains explosives or other inherently dangerous items, or that it contains evidence which would lose its value unless opened immediately. But whether special exigencies of the situation dictate that the luggage be opened will depend upon its probable contents, not upon whether it is taken from an automobile. See Arkansas v. Sanders, supra.
[1] In United States v. Peltier, above, the Court said "[i]t is indisputable ... that in every case in which the court has addressed the retroactively problem in the context of the exclusionary rule, whereby concededly relevant evidence is excluded in order to enforce a constitutional guarantee that does not relate to the integrity of the fact finding process, the court has concluded that any such new constitutional principle would be accorded only prospective application." See also Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), holding that Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), was not to be given retroactive effect.
[2] The suitcase was an obvious place to look, because officers had earlier seen it handled by defendants. Nevertheless, the information giving rise to probable cause did not focus exclusively on the suitcase.
[3] Furthermore, paraphrasing the rationale of Chambers v. Maroney, 399 U.S. at 52, 90 S.Ct. at 1981 (1970), I see no difference between, on the one hand, seizing a suitcase and holding it until the probable cause issue is presented to a magistrate and, on the other hand, carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable.
[4] In Sanders Chief Justice Burger pointed out:

"The breadth of the Court's opinion and its repeated references to the `automobile' from which respondent's suitcase was seized at the time of his arrest, however, might lead the reader to believeas the dissenters apparently dothat this case involves the `automobile' exception to the warrant requirement. See ante, at 762-765, and n.14 [at 2592-2594]. It does not. Here, as in Chadwick, it was the luggage being transported by respondent at the time of the arrest, not the automobile in which it was being carried, that was the suspected locus of the contraband. The relationship between the automobile and the contraband was purely coincidental, as in Chadwick. The fact that the suitcase was resting in the trunk of the automobile at the time of respondent's arrest does not turn this into an `automobile' exception case. The Court need say no more.
"This case simply does not present the question of whether a warrant is required before opening luggage when the police have probable cause to believe contraband is located somewhere in the vehicle, but when they do not know whether, for example, it is inside a piece of luggage in the trunk, in the glove compartment, or concealed in some part of the car's structure." 442 U.S. at 767, 99 S.Ct. at 2595.
[5] Justice Powell said in pertinent part:

"The dissenters argue, with some justice, that the controlling question should be the scope of the automobile exception to the warrant requirement. In their view, when the police have probable cause to search an automobile, rather than only to search a particular container that fortuitously is located in it, the exigencies that allow the police to search the entire automobile without a warrant support the warrantless search of every container found therein. See post, at 8 & n. 13 [101 S.Ct. at 2859 n.13] (STEVENS, J., dissenting). This analysis is entirely consistent with the holdings in Chadwick and Sanders, neither of which is an "automobile case," because the police had probable cause to search the double-locked foot-locker and the suitcase respectively before either came near an automobile. See Chadwick, supra, [433 U.S.] at 11 [97 S.Ct. at 2483]; Sanders, supra, [442 U.S.] at 761 [99 S.Ct. at 2591]; see also id. at 766 [99 S.Ct. at 2594] (BURGER, C. J., concurring). Adoption of the dissenters' view would require, however, rejection of a good deal of the reasoning in the latter case.
"Resolving this case by expanding the scope of the automobile exception is attractive not so much for its logical virtue, but because it may provide ground for agreement by a majority of the presently fractured Court on an approach that would give more specific guidance to police and courts in this recurring situationone that has lead to incessant litigation. I note, however, that this benefit would not be realized fully, as courts may find themselves deciding when probable cause ripened, or whether suspicion focused on the container or on the car in which it traveled.
"The parties have not pressed this argument in this case and it is late in the Term for us to undertake sua sponte reconsideration of basic doctrines. Given these constraints, I adhere to statements in Sanders that the fact that the container was seized from an automobile is irrelevant to the question whether a warrant is needed to search its contents. Some future case affording an opportunity for more thorough consideration of the basic principles at risk may offer some better, if more radical, solution to the confusion that infects this benighted area of the law."
[6] In Robbins the opinion of the Court by Justice Stewart, now retired, was joined by Justices Brennan, Marshall, and White. Justice Stevens, Blackmun and Rehnquist dissented and apparently would agree with our original opinion in this case. Chief Justice Burger and Justice Powell concurred in the result in Robbins but have otherwise recognized a distinction between "container" cases and "automobile" cases.