406 So.2d 158 (1981)
STATE of Louisiana
v.
Joseph WOODS.
No. 81-KA-0528.
Supreme Court of Louisiana.
November 16, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, John H. Craft, Richard Pitre, Jr., Asst. Dist. Attys., for plaintiff-appellee.
David F. Craig, Jr., and Dwight Doskey, of Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
LEMMON, Justice.[*]
This appeal by defendant encompasses two separate convictions, one of possession of a firearm by a convicted felon and the second of possession of a controlled dangerous substance. The only assignment of error relates to the trial court's denial of the motion to suppress the weapon and the drugs.
Two police officers received information in the early evening from a reliable confidential informer that defendant, known to the informer as "Joe Pecker" and to the officers as Joseph Woods, was in the process of walking to the 1200 block of South White Street to deliver preludin. The informant warned officers that defendant was armed with a gun. The informer had previously given reliable information that led to other narcotics arrests and convictions. Acting in reliance on the information, the officers drove their unmarked car in the direction of the described location and saw defendant walking toward the location. After observing defendant appear to look around and act suspicious, the officers drove on. Assuming a vantage point in the 1200 block of South White Street, the officers observed defendant and two other persons meet on the street and either exchange handshakes or transfer some item by hand.
After observing that contact, the two officers drove to the point where the three people were standing and announced, "Police officers, freeze". Defendant remained motionless, but the other two persons ran into the house on South White Street, and one of the officers chased them.
*159 Remembering that the informer warned that defendant was armed, the officer who remained on the street patted defendant down for weapons and obtained a gun from defendant's left rear pocket. The officer immediately informed defendant he was under arrest and ordered him to lie on the ground. The officer then performed a full search of defendant's person, which yielded 23 preludin tablets.
Defendant was charged with possession of a firearm by a felon and possession of controlled dangerous substances. After a motion to suppress the seized evidence was denied, defendant was convicted on both charges.[1] Hence, this appeal.
Defendant contends that the evidence should have been suppressed because the confidential informer's information was not shown to be accurate, in that the state did not prove circumstances or sufficient details to provide a factual basis for assessing the reliability of the information.
Although the informer's information arguably did not establish a basis for a full custody arrest, the tip clearly carried sufficient "indicia of reliability" to support a forcible stop, particularly since the officers immediately corroborated the information by surveillance.[2] See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); State v. Bible, 389 So.2d 42 (La.1980). The officers were dealing with a person of previously proven credibility. See State v. Paciera, 290 So.2d 681 (La.1974). His veracity had been well established by prior accurate reports. See State v. Jeffcoat, 403 So.2d 1227 (La.1981). Further, the officers confirmed that the named perpetrator, known personally to them, and his destination had been accurately described. When the officers observed defendant acting suspiciously and then performing a motion which could have been interpreted as an exchange of drugs, the circumstances provided the officers with reasonable grounds at least to stop the defendant and to question him as to his activities. C.Cr.P. Art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Adams v. Williams, above.
The officers effected a forcible stop when the defendant complied with their order to "freeze". See State v. Saia, 302 So.2d 869 (La.1974). However, this forcible stop was justified under the circumstances as outlined above.[3] The officer who was left alone with defendant and who had been advised by the apparently reliable report that defendant was armed, was therefore justified in conducting a self-protective search for a weapon. Adams v. Williams, above; State v. Jernigan, above. When the officer discovered the pistol, he had probable cause to arrest defendant for illegally carrying a concealed weapon. See R.S. 14:95. The ensuing search incident to the lawful full custody arrest produced the illegal drugs. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).
*160 Accordingly, we conclude that the discovery and seizure of the gun was the product of a lawful "frisk" for weapons and that the seizure of the illegal drugs was the product of a search incident to a lawful arrest. The motion to suppress was properly denied.
The conviction and sentence are affirmed.
DIXON, C. J., concurs.
NOTES
[*] Judges Wallace A. Edwards, Remy Chiasson and Elmo E. Lear of the First Circuit Court of Appeal participated in this decision as Associate Justices ad hoc joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] Although the two convictions were obtained in separate trials, this court on defendant's motion considered the two convictions under a single docket number, because the only assignment of error concerned the denial of the motion to suppress both crucial items of evidence.
[2] In Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) the Court held that a tip from an informant could possess sufficient "indicia of reliability" to justify a forcible stop. See State v. Wilson, 366 So.2d 1328 (La.1978); State v. Jernigan, 377 So.2d 1222 (La. 1979); State v. Bolden, 380 So.2d 40 (La.1980). Although the tip did not explicitly purport to represent the observation of an eyewitness, it was sufficiently current and detailed to indicate that it was more than a "casual rumor circulating in the underworld". See Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); State v. Wilson, above. As this court held in State v. Jernigan, above, even tips which are deficient under the standards of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and State v. Paciera, 290 So.2d 681 (La.1974) may justify an investigatory stop if the tip carries sufficient "indicia of reliability, such as specificity of the information corroborated by independent police work". 377 So.2d at 1222.
[3] The fact that the other two suspects immediately fled the scene upon the announcement of the arrival of policemen added further "indicia of reliability" to the information provided by the confidential informer. See State v. Abadie, 390 So.2d 517 (La.1980). Whether the facts justified the seizure of those individuals is, of course, irrelevant to our disposition of this case.