PER CURIAM.
Defendant was charged by bill of information with carrying a concealed weapon in *931 violation of La.R.S. 14:95. On April 8,1982, after a combined hearing on the merits, the trial court granted counsel’s motion to suppress the evidence. We have granted the state’s application for supervisory writs to review the ruling below, and now reverse.
On the night of December 12, 1981, New Orleans Police Officer Wellington Beauliau saw defendant and one Harold Cook arguing outside the J and L Lounge in the 800 block of North Claiborne. Cook worked as a waiter in the bar and had escorted defendant out of the door after a disturbance involving several patrons. Beauliau separated the two, ordered defendant on his way, and asked Cook to step back inside. At this point, with defendant halfway down the block, Cook informed the officer that defendant had pulled a gun on him in the bar. Beauliau caught up with defendant and advised him of Cook’s complaint. According to the officer, he also frisked him “.. . and recovered the weapon [a small-caliber handgun] in the crotch of his pants .. . way down.” Beauliau then placed defendant under arrest for carrying a concealed weapon.
At the close of the proceedings on April 8, 1982, the trial court observed that the case “turns on where that weapon was located.” In granting the motion, the court found it “... difficult to believe that when you do a pat down search you’re going to go inside a man’s crotch. That could be embarassing for everybody.”
The information provided by Cook, who later appeared as a witness at trial, had sufficient indica of reliability to justify Beauliau’s initial stop of defendant. La.C.Cr.P. art. 215.1; see, State v. Abadie, 390 So.2d 517, 518, n. 1 (La.1980); State v. Greenwald, 369 So.2d 1317 (La.1979); cf., State v. Bolden, 380 So.2d 40 (La.1980); State v. Jernigan, 377 So.2d 1222 (La.1979). Cook’s complaint about the gun and the armed assault inside the bar also justified a self-protective frisk of defendant for weapons by the officer. State v. Woods, 406 So.2d 158 (La.1981). Whatever the cost to his suspect’s sensibilities, Beauliau was therefore entitled to pat down defendant’s outer clothing, including his front pants pockets, and the area around his waistband, obvious places of concealment for a small handgun. See, State v. Clement, 368 So.2d 1037 (La.1979); State v. Colomb, 261 La. 548, 260 So.2d 619 (La.1972). Seizure of the gun from defendant’s pants was then authorized by the same circumstances that gave rise to the limited intrusion of the search. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
We therefore reverse the ruling of the trial court and remand this case for all proceedings now inconsistent with the views expressed herein.
REVERSED AND REMANDED.
LEMMON, J., concurs.