SCHOTT, Judge.
We granted certiorari in order to consider the trial court’s grant of defendant’s motion to suppress codeine found in a briefcase in the trunk of defendant’s automobile.
At about 12:10 AM on August 21, 1982, three plainclothes detectives of the New Orleans Police Department were on routine patrol in an unmarked car in what they described as a high crime area. They observed defendant in his parked automobile across the street passing something to two individuals on a motorcycle. Defendant caught sight of the officers and drove away at a high rate of speed, spinning the car’s wheels. The officers stopped defendant for making an improper start and upon reaching the car observed through the open, passenger side, front window four marijuana cigarettes on the front seat. They opened the trunk of the vehicle and found a briefcase which they opened after they took defendant to Central Lockup. The briefcase contained codeine.
In the trial court defendant relied on State v. Bible, 406 So.2d 138 (La.1981) which was decided on remand from the United States Supreme Court pursuant to Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981). In Bible the result in defendant’s favor was mandated by Robbins.
However, in United States v. Ross, - U.S. -, 102 S.Ct. 2157, 72 L.Ed.2d 572 Robbins was overruled and the court held:
“If probable cause justifies the search of a lawfully stopped vehicle it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.”
In the instant case defendant’s vehicle was lawfully stopped and the search was justified under the “plain view” doctrine. Undoubtedly the trial court relied on the Robbins and Bible cases now defunct in the light of Ross.
Accordingly, the judgment of the trial court suppressing the codeine as evidence is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND RENDERED.