437 So.2d 302 (1983)
STATE of Louisiana
v.
Franklin L. GREEN.
No. 15151-KA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
Rehearing Denied September 29, 1983.
*304 William D. Hall, Shreveport, for appellant.
Paul J. Carmouche, Dist. Atty., for appellant.
Sonia D. Peters, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
PRICE, Judge.
Defendant, Franklin Green, was convicted of possession of a Schedule II controlled dangerous substance. This was his fourth felony conviction and he was subsequently sentenced to life imprisonment as a fourth felony offender under La.R.S. 15:529.1, the habitual offender statute. Defendant appeals his conviction and sentence on the basis of nine assignments of error.
FACTS:
On the afternoon of November 17, 1980, narcotics agent Brice of the Shreveport Police Department received a telephone call from a confidential informant to the effect that drugs were being sold by a pedestrian and two men in a car at the intersection of Sprague and Mary streets in the bottoms area of Shreveport. Brice and two fellow officers went immediately to the scene and found the pedestrian and vehicle described by the informant. Upon seeing Brice's fellow officers step out of their unmarked police van, the pedestrian fled but was eventually captured by the officers. Meanwhile, the driver of the vehicle attempted to move it but was stopped by Officer Brice who ordered the occupants to step out of the car. He searched the passenger and found a pistol on his person and then awaited the return of his fellow officers. Upon his return to the scene, Officer Green searched the driver of the car and found on his person a pistol and a matchbox containing several small pills described by Brice as preludin.
Upon approaching the car, Brice had observed a package being thrown out the driver's window. This package was picked up following the search and found to contain marijuana. Also lying in plain view in the vehicle was a plastic container containing more preludin pills and drug paraphernalia. The suspects were then taken to the station where, according to the testimony of Agent Brice, the defendant, who was the driver of the car, admitted that he was in the process of selling preludin.
After denial of his motion to suppress, the defendant was tried by jury and found guilty of possession of preludin at trial by jury and, upon the state's proof that he was a fourth felony offender, sentenced to life imprisonment under the habitual offender statute. Defendant appeals the conviction and sentence, assigning nine errors by the trial court.
ASSIGNMENT OF ERROR A:
Defendant asserts as his first assignment of error that the trial court erred in denying his motion to suppress as evidence the contraband obtained during the warrantless stop and search which he argues was conducted without probable cause. The specific issue is whether the information in the possession of the arresting officers constituted sufficient probable cause to justify the detention, search, and subsequent arrest of the defendant.
*305 Since the instant search was made without a warrant, the state bears the burden of proving that an exception to the requirement of a search warrant is applicable. State v. Franklin, 353 So.2d 1315 (La.1977).
Probable cause for a warrantless search is to be determined on the same standards applicable to the probable cause the law requires for an arrest without warrant. It exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. It is to be judged by the probabilities and practical considerations of everyday life on which average men, particularly average police officers, can be expected to act. State v. Smith, 377 So.2d 1220 (La.1979).
To determine that probable cause exists based on information from an unidentified informant, analysis of the facts must establish the informant's credibility as well as the reliability of the information supplied. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Bible, 389 So.2d 42 (La.1980), vacated on other grounds, 453 U.S. 918, 101 S.Ct. 3153, 69 L.Ed.2d 1001, dissented 401 So.2d 966 (La.1981), on remand 406 So.2d 138 (La. 1981). See also Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527, Supreme Court of the United States, June 8, 1983. Reliability of the reported information may be supported by, among other factors, direct personal observation by the informant or, if the information came indirectly to the informant, detailed reasons with which to evaluate the reliability of both the source and the information. Factors to support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. State v. Bible, supra; State v. Tassin, 343 So.2d 681 (La.1977).
Not only was the tip in the instant case the direct personal observation of the informant, but also accurately described the location of the suspected criminal activity, and the persons and vehicle involved. The information included an accurate detailed description of the color, make, and license number of the subject's vehicle, and the clothing and approximate age of the young black male pedestrian. The officers arrived at the described location approximately four minutes after receipt of the tip and verified the accuracy of the information by their own personal observation.
Agent Brice testified that the informant had previously supplied him with accurate information leading to the issuance of at least twenty warrants for search and seizure of controlled dangerous substances. Some of these had led to subsequent arrests although he could not testify how many. The informant's credibility is further supported by the officers' independent observation of the scene exactly as described in the tip.
The officers also observed that upon their arrival the young pedestrian fled from the scene and Agent Brice observed the defendant throw something from the window of the automobile and attempt to move his vehicle as he approached. We feel that the combination of all the above factors is sufficient to support the credibility of the confidential informant.
Considering the totality of the circumstances, a finding of probable cause is amply supported by the facts in the record. Thus in light of the information available to the police and the danger that failure to seize the evidence at the time of the detention would provide an opportunity for destruction of the evidence, the officers acted with the dispatch required by the circumstances. Consequently, the search and seizure was authorized without a warrant. See State v. Smith, supra.
Even though the gun was not susceptible of destruction as the pills were, there is no question that the police had sufficient information to justify an investigatory stop of the defendant and to conduct the pat-down search for their own personal *306 safety which led to the discovery of the weapon on the person of defendant-passenger, and in turn justified the search and arrest of defendant for carrying a concealed weapon. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Woods, 406 So.2d 158 (La.1981).
The bag of pills found on the seat of the car and the drug paraphernalia thrown out of the window sought to be suppressed fall within the scope of the "plain view" doctrine set out in Texas v. Brown, ___ U.S. ___, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Since the validity of the initial stop and search has been established the officers were legitimately in a position to view the bag of pills in the car and the suspicious package thrown out the window and were justified in seizing what they perceived to be objects which could at least be described as suspicious. The trial court thus properly denied defendant's motion to suppress.
ASSIGNMENTS OF ERROR C AND F:
By these assignments defendant asserts the trial court erred in accepting Agent Brice and Jimmy Barnhill as expert witnesses in the field of controlled dangerous substances. He complains that Agent Brice was allowed to testify as an expert on the street uses of preludin without any showing of expertise in this area. Our review of the record shows that, to the contrary, Agent Brice's area of expertise was specifically limited to street identification of preludin. The trial court made it very clear that the witness was not qualified to testify with respect to street use and/or abuse of this substance and no such testimony was elicited from him.
Jimmy Barnhill is in charge of the chemistry section of the Northwest Louisiana Crime Lab. He has a master of science degree in physical chemistry and has been employed by the crime lab since 1970, having thus had occasion to perform chemical analysis of many drug substances. He was qualified as an expert in the field of chemical analysis, identification, medical use, and street use of controlled dangerous substances and drug paraphernalia. Defendant complains of his testimony with regard to medical and street use of drugs and drug paraphernalia with respect to preludin. The witness stated he gathered his knowledge of the street use and abuse of preludin primarily through his work at the crime lab, information from others in connection with his job, and reading materials provided to the crime lab on the subject.
La.R.S. 15:466 states:
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.
The trial court is generally vested with great discretion regarding the competency of experts to venture opinions within a specialized field and that discretion will be upheld absent a manifestly erroneous decision. State v. Rives, 407 So.2d 1195 (La. 1981).
The trial court held defendant's objection to the witness's competency in this area went more to the weight to be given his testimony than to its admissibility. Because Mr. Barnhill has without doubt garnered some knowledge of the abuse of preludin through his work experience, we cannot say admission of his very general testimony on this subject was an abuse of the trial court's discretion, particularly in light of his clarifying instructions to the jury concerning the weight to be accorded expert testimony.
ASSIGNMENT OF ERROR D:
The defense made a motion for mistrial under Art. 775 of the Code of Criminal Procedure, asserting that a conversation between a juror and a state's witness (Officer Tyler) constituted prejudicial conduct which made it impossible for the defendant to obtain a fair trial. The trial court's denial of this motion is the basis for this assignment of error.
It is well settled that communications between jurors and a witness in a *307 criminal trial without a showing that the defendant was prejudiced furnishes no ground for upsetting a conviction. State v. Daniel, 378 So.2d 1361 (La.1979). The trial court determined that the defendant suffered no prejudice as a result of the contact between witness and juror.
Officer Tyler assisted Agent Brice and Officer Green in apprehension of the defendants and testified very briefly at trial. During the lunch recess taken subsequent to his testimony, he had a brief discussion with one of the jurors as they waited for the trial to resume. At the hearing on defendant's motion, he testified that they discussed nothing about the case, but had a brief casual conversation about another officer and his recent injuries. Since it was established that there was no discussion of the case and no indication that the brief conversation affected the impartiality of the juror, we find no grounds for a mistrial.
ASSIGNMENTS OF ERROR E AND H:
Defendant asserts the trial court erred in admitting drug paraphernalia and marijuana found pursuant to search of his person and automobile, contending these items constitute evidence of other crimes which is inadmissible. The trial judge admitted the evidence as part of the res gestae of the alleged crime under La.R.S. 15:447, which provides that any part of the res gestae is always admissible in evidence. La.R.S. 15:448 provides the following:
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
The articles introduced were seized at the time of defendant's arrest in connection with the crime of possession of a controlled dangerous substance. It is this court's view that these items are immediate concomitants of the crime with which defendant was charged and properly admitted by the trial court. See State v. Haarala, 398 So.2d 1093 (La.1981). Additionally, since knowing and intentional possession of a controlled dangerous substance was required in order to convict the defendant, this evidence was properly admissible to show the knowledge and intent of the defendant under La.R.S. 15:446 which states, in pertinent, part:
When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent ....
ASSIGNMENT OF ERROR G:
Green argues that the trial court erred in refusing to allow defense counsel to inform the jury in his closing argument of the state's habitual offender statute and the possible penalties thereunder. It is settled that when the penalty imposed by the statute is a mandatory one, the trial judge must inform the jury of the penalty on request of the defendant, and must permit the defense to argue the penalty to the jury. However, where the sentencing provision is not mandatory, the trial court has the discretion to either permit or deny argument that would disclose to the jury the range of sentence. State v. Williams, 420 So.2d 1116 (La.1982).
In the instant case, the jury's sole function was to determine the guilt or innocence of the defendant. The defendant's status as a fourth felony offender was not at issue in the trial. The trial judge acted within his discretion in curtailing defense counsel's argument.
ASSIGNMENT OF ERROR J:
Defendant filed a motion for new trial pursuant to C.Cr.P. Art. 851, contending that the jury verdict was clearly contrary to the law and the evidence. He maintains the evidence does not show he was knowingly and intentionally in possession of the preludin. This argument is based on the testimony by Green and his companion that neither of them knew that the preludin was in the matchbox.
However, one of the officers testified that the defendant admitted possessing the *308 preludin and that he had intended to sell it. He was further shown to have been in possession of another container of pills and drug paraphernalia. Intent could reasonably be inferred from these circumstances. We therefore find no abuse of discretion in the trial court's denial of the defendant's motion for a new trial. See State v. Caminita, 411 So.2d 13 (La.1982), U.S. cert. denied, ___ U.S. ___, 103 S.Ct. 314, 74 L.Ed.2d 291.
ASSIGNMENT OF ERROR L:
By this assignment defendant asserts that the sentence of life imprisonment was excessive. He was found guilty of possession of a Schedule II controlled dangerous substance, preludin, and sentenced to life imprisonment as a fourth felony offender under La.R.S. 15:529.1A(3)(a). This section of the habitual offender statute provides for a term of imprisonment of not less than 20 years nor more than the offender's natural life.
The trial court stated extensive reasons for imposing the maximum sentence on the defendant. He noted that defendant's criminal history included numerous misdemeanors as well as the three previous felony convictions upon which defendant's habitual offender status is based, specifically simply robbery, forgery, and felony theft. Furthermore, there are several charges which remain pending against him.
Green dropped out of high school, but did complete the requirements for a GED during a period of incarceration. However, he has no employment record. He admits to the abuse of controlled dangerous substances including a former addiction to heroin, and to the injection of preludin and the regular use of marijuana at the present time.
The trial judge further noted that defendant had received relatively light sentences on his prior felony convictions, apparently in hopes of rehabilitation. He stated that rehabilitation had obviously not been accomplished and felt that further leniency would likewise be to no avail.
In addressing the provisions of La.C.Cr.P. Art. 894.1, the trial court stated:
... being of the opinion based on the evidence that there is, in fact, great undue risk that he would commit another crime if simply given the opportunity as a free man, he is in need of correctional treatment in a custodial environment. The law abiding citizens of our community are entitled to have him in such an environment. A lesser sentence would deprecate, not only from the seriousness of this offense, but his lifetime of crime.
The trial court gave an extensive statement of the considerations taken into account and the factual basis for its conclusions in imposing sentence as required by Article 894.1 to ensure that each sentence is individualized to the offender and the offense. He adequately complied with the sentencing guidelines, thus limiting this court's review to a determination of whether the trial court abused its sentencing discretion. State v. McDonald, 414 So.2d 735 (La.1982).
The record establishes beyond doubt that the defendant is an habitual criminal. Although this court might not have imposed the maximum sentence, we cannot say that the trial court abused its discretion by so doing, in light of the charges still pending against defendant and the indications of record that defendant, if returned to the streets, would continue his criminal pursuits. See State v. Donahue, 408 So.2d 1262 (La.1982); State v. Ireland, 377 So.2d 299 (La.1979). We therefore find this assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.