452 So.2d 756 (1984)
STATE of Louisiana, Appellee,
v.
Darren BAILEY and Pete Bailey, Jr., Appellants.
No. 16030-KA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
Writ Denied September 14, 1984.
*758 Smith & Hingle, P.C. by J. Randolph Smith, Monroe, for appellants.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty. by Robert C. Johnson, Asst. Dist. Atty., Monroe, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
The defendants, Darren Bailey and Pete Bailey, Jr., were charged with possession of cocaine with intent to distribute (R.S. 40:967). After trial by jury they were found guilty of the lesser offense of possession of cocaine (R.S. 40:967 C). Each was sentenced to be imprisoned for four years at hard labor. Each prison sentence was suspended and each defendant placed on supervised probation for five years, with the special condition that each defendant serve 90 days in the Ouachita Parish jail.
The defendants have appealed, relying jointly upon six assignments of error.

Assignments of Error Nos. 1, 2 & 4
The defendants contend in assignment of error No. 1, that the trial court erred in failing to grant the defendants' motions to suppress. In assignment of error No. 4, defendants contend that the trial court erred in admitting into evidence exhibits S-1 (search warrant and oath), and S-3 S-6 (contraband and paraphernalia found inside the residence at the time of the search and seizure.) In brief, the defendants incorporate by reference their arguments on assignments of error Nos. 1 and 2, as all of the objected to items pertain to the obtaining and execution of the search warrant.
In support of these assignments defendants argue that all controlled dangerous substances and drug paraphernalia seized from their residence pursuant to a search warrant executed in the early morning hours of May 2, 1982 should have been suppressed because the affidavit supporting that warrant contained information known by the affiant, Detective Brian Boney, to be false. Defendants contend that known false information was that an informant had been inside the residence located at 212 Gilbert Street, West Monroe, Louisiana, within the 16 hour period preceding the signing of the affidavit and had observed in excess of eight plastic bags of marijuana. Defendants asserted that this false and inaccurate information should have been deleted and the sufficiency of the affidavit tested after that deletion. In support of their argument that the cited information was false, defendants presented the testimony of various witnesses who stated that it was impossible for a confidential informant to have been inside the described residence during the time set forth in the affidavit.
In State v. Morstein, 404 So.2d 916, 920 (La.1981), it was reiterated that the credibility of an affiant's informant or the correctness of the information furnished by the informant may not be attacked on a motion to suppress. An affidavit supporting a search warrant is presumed to be valid. State v. Brannon, 414 So.2d 335, 337 (La.1982). However, the credibility of the affiant himself may be traversed on a proper showing of "a genuine issue on the affiant's veracity supported by convincing allegations of which, if proven, would establish the falsity of the affidavit." State v. Morstein, supra. Where the State has obtained a warrant and the defense contends that the warrant is defective, the burden of proving the same is on the defense. State v. Whorton, 440 So.2d 858, 860 (La.App. 2d Cir.1983). However, after the defendant had produced his evidence and if he carries his burden of proof of establishing by a preponderance of the evidence that the affidavit contains false statements, then the burden of proof will shift to the State to prove that the allegations in the affidavit are true, or that the informant misrepresented the situation but the affiant reasonably believed him and thus had probable cause. State v. Paster, 373 So.2d 170, 174 (La.1979).
*759 A review of the record reveals that the defendants did not make a proper showing of a genuine issue on the affiant's veracity supported by convincing allegations which would establish the falsity of the affidavit. The defense's evidence consisted of testimony of family members who resided at the home searched and a female friend of the defendant Pete Bailey. These witnesses all testified as to the activity at the searched home during the time period mentioned in the affidavit, in an attempt to prove false the statement in that affidavit that a confidential informant had been present during the time stated.
As the trial court noted in its written rulings on the motions to suppress, all such testimony was purely self-serving. The defense's only other "evidence" was the allegation that the officers, or someone else, had "planted" the drugs. However, the testimony of the officers specifically negates this allegation. Detective Royce Toney testified that he was present at the time Detective Boney searched the pants pocket of defendant Darren Bailey and found a bag of marijuana and a one-gram bag of cocaine. Additionally, as the trial court pointed out in its reasons for ruling on the motion to suppress, even if the defense evidence were taken at face value, it leaves gaps of time when another person could have been present in the residence within the period covered by the affidavit. For example, during the cross-examination of Mrs. Genevieve Bailey, the defendants' mother, she admitted that from the time she went to bed at 3:00 A.M. on the night before the search until she got up around 7:00 A.M., she would have had no way of knowing if anyone had entered the house during that period of time. Thus, it is clear that the trial court did not err in ruling that the defendants failed to meet their burden of proving the general allegations in their motions to suppress in relation to any alleged falsity of information and false swearing of the affiant.
In assignment of error No. 2, the defendants contend that the trial court erred in failing to grant defendants' motion to compel disclosure of the identity of the confidential informant. As previously noted under assignment of error No. 1, in defendants' assignment of error No. 4 they incorporate by reference their arguments under assignment of error Nos. 1 and 2.
In brief, the defendants argue that their allegation that the contraband was "planted" in their residence by the same law enforcement personnel that executed the warrant distinguishes the instant case from the factual basis of State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
The court in State v. Zamora, 430 So.2d 274, 279 (La.App. 5th Cir.1983), summarized the applicable law on the present issue:
"In State v. Dotson, [260 La. 471] 256 So.2d 594, 606 (La.1971) (citations omitted), the Louisiana Supreme Court said:
"`The informer privilege is the privilege of withholding the identity of an informant who supplies information to law enforcement officials concerning crime. The privilege is founded upon public policy and seeks to advance the public interest in effective law enforcement. * * *
"`Because of its social importance, courts zealously guard the privilege. They order disclosure of the name of a confidential informant only under exceptional circumstances for the prevention of an injustice. The burden is upon the defendant to show exceptional circumstances justifying disclosure. * * * On the question of whether the circumstances warrant disclosure, much discretion is vested in the trial court.* * *'
"While evidence that the informer set up or participated in defendant's crime will justify a disclosure of his identity, merely supplying information used by the police to obtain a search warrant is not in itself an exceptional circumstance justifying disclosure. State v. McDonald, 390 So.2d 1276 (La.1980).
"It is only when the informer is the sole witness to the crime with which the accused is charged that his identity must be revealed. When the informer is nothing *760 more than an informer and does not participate in the criminal transaction which forms the basis of the prosecution, no disclosure of his identity is required. See United States v. Clark, 482 F.2d 103 (5th Cir.1973), and cases cited therein. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Williams, 347 So.2d 184 (La.1977)."
In that case, the court held that, since the informant was not present when the warrant was executed, the trial judge acted properly in refusing to order disclosure of the informer's identity.
Defense counsel's interpretation of the Dotson case is not well-founded. Although the court did state that the mere suggestion that an informer framed the defendant does not require a disclosure of the informer's name, the court made no statement that the result would be different if allegations were that law enforcement officers framed the defendant. State v. Dotson, supra, 256 So.2d at p. 608.
A review of the evidence in the instant case shows that the informer did nothing more than supply information used by the police to obtain a search warrant. This is not in itself an exceptional circumstance justifying disclosure of an informant's identity. State v. McDonald, 390 So.2d 1276 (La.1980). There is no evidence that the confidential informant participated in the criminal transaction, nor does the defense contend such a fact. In brief, the defense alludes to the fact that someone other than the police officers might have framed the defendants. However, the court in Dotson, supra, clearly held that such allegations are not sufficient to warrant the disclosure of the name of a confidential informant. The defense's allegations that defendants were framed by law enforcement officers do not even logically require the disclosure of the identity of the informant, as it is the law enforcement officers that must be cross-examined to ascertain the truth of the matter, not the informant.
These assignments are without merit.

Assignments of Error Nos. 3 and 5
In assignment of error No. 3 it is argued that the trial court erred in failing to sustain defense objections to references by the State in its opening statement to controlled dangerous substances and paraphernalia found at the scene of defendants' arrests not directly associated with the charge for which the defendants were on trial. At trial, and prior to the State's opening statement, the defense objected to the inclusion of any reference to any drugs seized in the Bailey home other than the cocaine for which the defendants were on trial. The court ruled in advance that that evidence would be admissible.
In assignment of error No. 5, the defendants complain about the trial court's admission into evidence of S-10 over defense's objection. S-10 consists of an Indian headdress made of numerous feathers and roach clips.
This court dealt with a similar situation in State v. Green, 437 So.2d 302 (La.App. 2d Cir.1983). There the defendant asserted that the trial court erred in admitting drug paraphernalia and marijuana found pursuant to a search warrant of his person and automobile, contending these items constituted evidence of other crimes, which is inadmissible. The trial court admitted the evidence as part of the res gestae of the alleged crime under R.S. 15:447, which provides that any part of the res gestae is always admissible in evidence. It was stated that the articles introduced were seized at the time of defendants' arrest in connection with the crime of possession of a controlled dangerous substance. This court held that these items were immediate concomitants of the crime with which defendant was charged and properly admitted by the trial court, citing State v. Haarala, 398 So.2d 1093 (La.1981). In State v. Green, supra, the defendant was found guilty of possession of Preludin.
This court summarized the jurisprudence relating to the res gestae exception to admission of evidence of other crimes in *761 State v. Johnson, 440 So.2d 838, 842 (La. App. 2d Cir.1983):
"While the rule is that evidence of other criminal acts is inadmissible to show that the defendant is a bad person thereby making it more likely that he committed the instant offense [State v. Belgard, 410 So.2d 720 (La.1982)] the general prohibition does not bar admission of criminal acts which are an inseparable part of the whole deed; that is, acts which form part of the res gestae. State v. Haarala, 398 So.2d 1093 (La. 1981). The purpose of such evidence is to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. State v. Haarala, supra."
The Louisiana Supreme Court in State v. Mitchell, 437 So.2d 264 (La.1983), described the res gestae exception:
"The res gestae consists of events speaking for themselves under the immediate pressure of the occurrence, through the spontaneous words and acts of the participants. To constitute res gestae, the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction. LSA-R.S. 15:447, 448."
In State v. Brown, 428 So.2d 438, 442 (La.1983), the Louisiana Supreme Court stated that evidence of other crimes included in the res gestae is admissible without balancing its probative value against the prejudicial effect.
Therefore, assignments of error Nos. 3 and 5 are without merit.

Assignment of Error No. 6
The defense argues that the trial court erred in allowing prosecution witness Detective Royce Toney to testify as to how cocaine was normally packaged for distribution and as to how the substance was normally consumed, because this testimony was irrelevant and prejudicial and the officer was not properly qualified as an expert witness. The objected to testimony was elicited from Officer Toney on redirect examination by the State. During that examination, testimony was allowed as to how cocaine is packaged, how it is distributed, the different quantities in which it is distributed, and how it is consumed.
With respect to the relevancy issue, this court in State v. Johnson, 440 So.2d 838, 842 (La.App. 2d Cir.1983), held:
"To be admissible in a criminal proceeding, evidence must be relevant to a material issue. La.R.S. 15:435. Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negate the commission of the offense and the intent. La.R.S. 15:441. Furthermore, the trial judge is vested with wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Miles, 402 So.2d 644 (La.1981)."
In State v. Allen, 440 So.2d 1330 (La. 1983), the Louisiana Supreme Court stated that error, if made by the trial court, is not fatal unless the defendant demonstrates prejudice.
Intent is a state of mind and need not be proven as a fact, but may be inferred from the circumstances. The circumstantial evidence considered includes the quantity of the illegal drug and the circumstances of its possession. Testimony as to street value and dosage units of the narcotic is also relevant to the issue of intent. State v. Staton, 433 So.2d 222, 224 (La.App. 1st Cir.1983). Intention to distribute narcotics or other controlled dangerous substances, can be inferred from the quantity in the accused's possession. State v. Trahan, 425 So.2d 1222, 1227 (La.1983). In Trahan, the court held that the packaging and the scales as well as the quantity indicated an intent to distribute.
The court in State v. Montana, 421 So.2d 895, 899 (La.1982), held that, in a prosecution for possession of heroin with intent to distribute, it was proper for an officer to testify concerning the modus operandi of illicit users and distributors of heroin. The *762 procedures and techniques for the illegal use and distribution of heroin are generally unknown to the public at large and may be explained to a jury to aid them in their search for truth by one possessing special training or expertise in such matters.
In discussing the qualification of a witness as an expert, this court in State v. Green, supra, stated:
"La.R.S. 15:466 states:
"The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.
"The trial court is generally vested with great discretion regarding the competency of experts to venture opinions within a specialized field and that discretion will be upheld absent a manifestly erroneous decision. State v. Rives, 407 So.2d 1195 (La.1981)."
From the above cited law, it is clear that Officer Toney's testimony as to the packaging, distribution, quantities, and consumption of cocaine was relevant, as such factors aid in the determination of an intent to distribute. The offense for which the defendants were on trial required a proof of intent to distribute. Therefore, the relevancy portion of defendants' complaint in assignment of error No. 6 is without merit.
In brief, the defense also contends that an improper foundation was laid for such testimony. The defense states that it objected repeatedly as to relevancy and improper foundation, but those objections were overruled, citing generally to the trial transcript. However, the defendants' retained counsel only designated the portion of the witness' testimony where the witness was questioned as to the normal packaging of cocaine and the method of consumption, the defense objections to that testimony and the court's rulings on those objections. Defense counsel did not designate sufficient record upon which this court could determine if a contemporaneous objection was made as to the qualification of Detective Royce Toney as an expert witness. Therefore, this court need not consider this portion of defendants' argument in assignment of error No. 6. However, even if defendants' contention that Officer Toney was not properly qualified as an expert were considered, a review of his testimony reveals that he did not give any opinion as to the packaging and quantities involved in the instant case. Officer Toney only testified generally as to drug dealers' methods of operation so as to explain such to the jury and aid them in their determination. Such testimony is clearly allowed under State v. Montana, supra. Therefore, this portion of defendants' argument under assignment of error No. 6 is without merit if considered absent a contemporaneous objection.
This assignment is without merit.
Decree
For the reasons set forth, defendants' convictions and sentences are affirmed.