GAUDIN, Judge.
Appellant William LaLanne pled guilty to LSA-R.S. 14:95.1, reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal from the denial of his motion to suppress evidence. We affirm.
At the hearing on the motion to suppress, deputy Melvin Collongues testified as to the events surrounding defendant’s arrest. Collongues said that on April 26, 1986, he received a call from a bartender at Lou’s Lounge located at 1020 Bridge City Avenue in Jefferson Parish. The bartender informed the police that there was a disturbance going on inside the lounge and that a man was carrying a gun.
When Collongues arrived at the lounge, the bartender pointed out LaLanne and said he was carrying a pistol and further informed the officer that the night previous to that he was also there causing a disturbance. However, the night before he left before the police arrived.
Collongues approached LaLanne and proceeded to pat him down to check for a dangerous weapon. As a result of the pat down, the officer found a gun protruding from defendant’s right rear pocket.
On cross-examination by defense counsel, Collongues stated that you could see the gun protruding from LaLanne’s pocket, and that during the pat-down the accused “kept trying to reach in his right rear pocket,” causing the deputy to feel like he was in danger.
Defendant contends it was error to deny his motion to suppress because the officer did not have reasonable grounds to detain defendant; therefore, the search was unconstitutional.
LSA-C.Cr.P. art. 215.1 provides that a law enforcement officer may stop a person in a public place whom he reasonably suspects is committing an offense; and that if the officer reasonably suspects that he is in danger, he may frisk the outer clothing of the detained person for a dangerous weapon, and may also search the person.
Reasonable cause to justify an investigatory stop is something less than probable cause to arrest, and must be determined under the facts of each case. See State v. Keller, 403 So.2d 693 (La.1981); and State v. Bearden, 449 So.2d 1109 (La. App. 5th Cir.1984). Further, once a lawful detention is made, an officer is justified in frisking a suspect for weapons under cir *859 cumstances which cause him to reasonably suspect that he is in danger of life or limb, See State v. Lanter, 391 So.2d 1152 (La.1980).
State v. Magee, 416 So.2d 930 (La.1982), is clear authority for the constitutionality of the seizure of LaLanne’s gun. In Magee, a New Orleans police officer was told by Harold Cook, a waiter at a lounge in New Orleans, that Magee, who had just left the bar, had pulled out a gun in the bar. The officer followed and stopped Ma-gee, and then frisked Magee and recovered a handgun from the crotch of his pants. In upholding the seizure of the handgun, the Supreme Court of Louisiana stated at page 931:
“The information provided by Cook, who later appeared as a witness at trial, had sufficient indica of reliability to justify .. .(the) initial stop of defendant.”
Finding no merit in LaLanne’s assignment of error and finding no errors patent, we affirm the denial of appellant’s motion to suppress seized evidence.
AFFIRMED.