440 So.2d 838 (1983)
STATE of Louisiana, Appellee,
v.
Dennis JOHNSON, Appellant.
No. 15471-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
Rehearing Denied November 10, 1983.
*840 Donald R. Minor, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Birdia M. Greer and Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before PRICE, HALL and NORRIS, JJ.
NORRIS, Judge.
Defendant, Dennis Johnson, appeals a jury conviction of attempted simple burglary [La.R.S. 14:62;27], and a resulting sentence of five years imprisonment at hard labor assigning the following errors:
(1) The trial court erred in overruling defendant's objection to the relevancy of testimony by Officer Jerry Johnson about the details (attempt to wreck police unit and scuffle) of the chase and arrest of defendant following the commission of the alleged offense;
(2) The trial court erred in overruling defendant's objection to the relevancy of *841 testimony by Officer Ralph Montgomery about the details (running other vehicle off road and attempt to wreck police unit) of the chase and arrest of defendant following the commission of the alleged offense;
(3) The trial court erred in denying defendant's motion for a mistrial which was based upon Officer Pat McGaha's impermissible reference to other crimes;
(4) The trial court erred in sustaining the State's objection to defendant's attempt to question Officer Pat McGaha about the State's failure to extradite defendant from the State of Texas; and
(5) The trial court erred in imposing an excessive sentence.

CONTEXT FACTS
At approximately 11:30 p.m. on June 26, 1980, while on regular patrol in Shreveport, two police officers in a marked unit passed the Williams Equipment Company. As they passed this business, one of the officers noticed a white van with its headlights off pulling from behind the business and turning West on Highway 80. Because the business was closed, the officers became suspicious and made a U-turn and proceeded to follow the van in a westerly direction. When the unit approached the rear of the van, its flashing lights were turned on after which the van increased its speed to 85 miles per hour. Thereafter, the siren was turned on and a high speed pursuit continued during which the van disregarded traffic signals and intersectional signs. During the chase which covered some 40 miles and continued into Texas, the van's driver on different occasions attempted to cause the police unit to wreck either by slamming on the brakes and sliding toward the unit or by swerving into its path.
After several attempts, the officer who was the passenger in the unit was able to shoot out a van tire causing it to halt in a ditch near Scottsville, Texas. After a scuffle with the officers, the defendant was apprehended and arrested by Texas authorities. When he refused extradition from Texas, the defendant was released and later arrested in Bossier Parish for the instant offense.
The van was towed back to Shreveport and impounded. Found within it were a bolt cutter, a sledge hammer, a short crow bar and two long crow bars. When arrested, the defendant was wearing a pair of leather work gloves. All of these items were admitted into evidence.
After the pursuing officers returned from Texas, they went to Williams Equipment Company where they observed that a chain lock on a gate to the business had been cut through and replaced on the gate. When they went to the rear of the building, they observed scratch and pry marks on its rear door.
While the officers were in pursuit of the van driven by the defendant, Williams' manager was called at home by the Shreveport Alarm Company and informed that the alarm system had been activated. He proceeded to the premises about midnight where he found the back door open. Being of the opinion that an employee had failed to secure the door, he made no examination of the door or premises but simply replaced a screwdriver in the hasp and keeper on the door and returned home. About one and one-half hours later, he was called by the police. Upon his return, he then observed the chain cut on the gate which is always kept locked and marks on the inside door facing which clearly revealed that it had been pried open.
Based on this evidence, the defendant was convicted of attempted simple burglary.

ASSIGNMENTS OF ERROR NOS. 1 and 2
In connection with this assignment of error, defendant argues that the trial court erred in overruling objections to certain aspects of the testimony of the two police officers regarding the details of the pursuit and resulting apprehension of defendant. It is noteworthy that only certain aspects of these events were objected to at trial, namely, the defendant's attempts to wreck the police unit and the scuffle with the *842 police incident to the actual apprehension. Defendant's position on appeal is that the testimony sought to be excluded is irrelevant because there was no showing of a relationship between these activities and any attempted simple burglary.
To be admissible in a criminal proceeding, evidence must be relevant to a material issue. La.R.S. 15:435. Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negate the commission of the offense and the intent. La.R.S. 15:441.[1] Furthermore the trial judge is vested with wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed, on appeal in the absence of a clear showing of abuse of discretion. State v. Miles, 402 So.2d 644 (La.1981).
While the rule is that evidence of other criminal acts is inadmissible to show that the defendant is a bad person thereby making it more likely that he committed the instant offense [State v. Belgard, 410 So.2d 720 (La.1982)], the general prohibition does not bar admission of criminal acts which are an inseparable part of the whole deed; that is, acts which form part of the res gestae. State v. Haarala, 398 So.2d 1093 (La.1981). The purpose of such evidence is to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. State v. Haarala, supra.
It is obvious that the defendant's actions formed one continuous transaction and as such constituted part of the res gestae of the offense charged. La.R.S. 15:448.[2] The res gestae doctrine in Louisiana includes not only spontaneous utterances and declarations made before and after the commission of a crime but also includes testimony of police officers and witnesses pertaining to what they heard or observed before, during and after the commission of the crime if the continuous chain of events is evident under the circumstances. La.R.S. 15:447;[3] 448; State v. Molinario, 383 So.2d 345 (La.1980). The admission of such evidence is allowed when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. State v. Haarala, supra. All of these circumstances are present in the instant case. What forms any part of the res gestae is always admissible in evidence. La.R.S. 15:447; State v. Miles, supra; State v. Matthews, 354 So.2d 552 (La.1978).
Furthermore, the defendant's flight from the scene and his actions attendant thereto were certainly relevant to show his consciousness of guilt. Under the particular facts of this case which is based on circumstantial evidence, the probative value of this evidence outweighed any prejudicial effect. State v. Molinario, supra.
Hence, the trial judge did not err in permitting the introduction of this evidence, and this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 3
Defendant argues that the trial court erred in denying a motion for mistrial based upon a police officer's impermissible reference to other crimes. The testimony complained of arose when Detective Pat Magaha was called to testify on behalf of the state. During his testimony, this colloquy occurred:

*843 [BY ASSISTANT DISTRICT ATTORNEY]
Q. Officer, you're a detective with the Shreveport Police Department?
A. Yes.
Q. Did you have occasion to become involved in the investigation of the alleged attempted simple burglary of the Williams Equipment Company?
A. Yes, sir, I did.
Q. Do you know that there was an arrest effected in that case?
A. Yes, sir, there was an arrest.
Q. And was the person identified?
A. Yes, sir, he was.
[DEFENSE COUNSEL] Your Honor, I have to object to this area of relevancy unlessand also on the basis of hearsayunless this officer was personally involved in the arrest.
[THE COURT] Sustained.
[BY ASSISTANT DISTRICT ATTORNEY]
Q. Officer, were you personally involved in the arrest of the defendant?
A. No, sir, I wasn't, not at his first arrest.

[Bracketed material substituted.]
Thereafter, defense counsel objected and the jury was removed. The motion for mistrial followed based on the assertion that the answer implied that there was other arrests in which the witness was involved which were prejudicial to the defendant. The State responded that the answer was prompted by the earlier defense objection after which the court questioned the witness regarding the arrest to which he was referring. The witness explained that he did not participate in the original arrest of the defendant in Bossier, both arrests involving the same offense. The court found specifically that the witness was referring to the same case and denied the motion. Defense counsel was informed that he had a right to bring out this fact on cross examination. The defense did not request any admonition or explanation to the jury nor did it even cross examine this particular witness.
A direct or indirect reference to another crime committed or alleged to have been committed by the defendant, as to which evidence would not be admissible, made within the hearing of the jury by the judge, district attorney or a court official during trial or in argument would require a mistrial on motion of defendant. La.C. Cr.P. Art. 770(2). However, a police officer is not a court official; therefore Article 770 does not apply. Rather, the only article which might arguably apply to the instant situation is La.C.Cr.P. Art. 771;[4]State v. Perry, 420 So.2d 139 (La.1982); State v. Smith, 418 So.2d 515 (La.1982). Mistrial under that article is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. Moreover, mistrial is a drastic remedy which is only authorized where substantial prejudice will otherwise result. State v. Smith, supra.
In the first place, the isolated remark of the officer regarding the arrest is not so significant or indicative of another crime that a mistrial should have been ordered even if it is considered to be an impermissible reference. Further, there is no evidence that the remark was deliberately obtained by design of the prosecutor to *844 prejudice the rights of the defendant. State v. Lewis, 353 So.2d 703 (La.1977). Not only does the answer not necessarily lead to the assumption that another crime was referred to; in fact, it could be construed to and did relate to an arrest in connection with this particular crime. Thus, such a reference was properly admissible. Moreover, even if the reference had been improper, it would have been cured by an admonition or explanation had the defendant requested one. La.C.Cr.P. Art. 771. Finally and most importantly, had the defense been unduly concerned about the prejudice caused by the reference, the entire matter could have been cleared up on cross examination during which it would have been revealed to the jury that the arrest referred to was the initial arrest in connection with this crime. The defendant chose to not pursue this explanation.
Clearly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant next complains that it was error for the trial court to disallow testimony concerning the state's failure to extradite the defendant from Texas. Detective McGaha was called on direct examination by the defense and asked whether he had participated in some subsequent investigation in connection with this matter. The state objected and the jury was removed. Defense counsel then explained that against the advice of counsel the defendant wished to have explored the limited area of the state's failure to extradite the defendant from Texas in connection with this offense. The court inquired whether counsel could inform it of the relevance of this line of questioning. Counsel responded that he had no independent basis on which to inform the court of any relevancy pertaining to the guilt or innocence of the defendant. The court sustained the state's objection.
By brief, it is now argued for the first time that this line of questioning was attempting to establish that a warrant was not issued for this defendant's arrest in connection with the attempted burglary charge and that there was no attempt to pursue extradition from Texas. It is contended that these circumstances tend to mitigate the defendant's guilt and should have been allowed into evidence. This is the only showing made regarding the relevance of this inquiry.
Because relevant evidence is that which tends to show the commission of the offense and the intent or that which tends to negate the commission of the offense and the intent, the trial court was correct in its ruling that the evidence sought to be admitted was irrelevant. On the showing made, there was nothing contained within this testimony which would have been relevant to guilt or innocence.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
Finally, defendant complains that the sentence of five years at hard labor is excessive. The thrust of defendant's argument in this regard seems to be that the trial judge did not adequately consider the mitigating factors which would have weighed in favor of a lesser sentence.
Article I, § 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment. Although a sentence is within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). In imposing sentence, a trial judge must comply with the mandatory requirements of La.C.Cr.P. Art. 894.1 and individualize the sentence by stating for the record the considerations taken into account and the factual bases therefor. State v. Jones, 381 So.2d 416 (La.1980). However, this article does not require that the trial judge set forth for the record all the factors listed in the statute which were accorded weight by him in determining to impose a sentence of imprisonment. State v. Jacobs, 383 So.2d 342 (La. 1980). It is sufficient that the record reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Vaughn, 378 So.2d 905 (La.1979).
The trial judge adequately complied with Article 894.1. He specifically *845 noted that the defendant does not qualify for probation or a suspended sentence and stated that even if he did qualify he would be a poor candidate because of his extensive criminal activity. Our review of the presentence reveals three previous felony convictions and numerous misdemeanor convictions as well as a juvenile record. The trial judge attached great weight to the defendant's propensity to commit crimes. Based on the record before us we are compelled to conclude that because of the defendant's extensive criminal activity as a juvenile, before the commission of the instant offense, immediately after the commission of the instant offense and between the commission of and the arrest for the instant offense, the trial judge did not err in the weight which it attached to this consideration. In reality, the mere fact that the defendant did not receive the maximum sentence in light of the circumstances surrounding this defendant and this offense indicates that the trial judge found some mitigating factors to be present. However, there are no mitigating factors present which weigh in favor of a lesser sentence than the one imposed.
This assignment of error is without merit.
Accordingly, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] La.R.S. 15:441 states:

Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
[2] La.R.S. 15:448 states:

To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
[3] La.R.S. 15:447 states:

Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.
[4] La.C.Cr.P. Art. 771 states:

In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.