593 So.2d 818 (1992)
STATE of Louisiana
v.
James WALKER.
No. 90-KA-1617.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1992.
Harry F. Connick, Dist. Atty., Martin Melton, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
Margaret Hammond, New Orleans, for defendant-appellant James Walker.
Before KLEES and WARD, JJ., and GULOTTA, J. Pro Tem.
KLEES, Judge.
On May 7, 1990 the defendant was charged with possession of cocaine, a violation of R.S. 40:967(C)(2). He was tried by jury on July 16, 1990 and found guilty as charged. He was sentenced on July 23, 1990 to forty months at hard labor with credit for time served. He was subsequently adjudged a second felony offender. The original sentence was vacated and the defendant re-sentenced as a second felony offender on August 17, 1990 to forty months at hard labor with credit for time served. He now appeals.
FACTS:
On February 28, 1990 at about 3:30 p.m., Officers Selby, Williams and Stuart drove to 2608 Congress Street because of information they had just received from a confidential informant. As they approached this address, they saw a black male with a syringe in his hand exit the house. When this man saw the officers in their unmarked police car he fled into the Florida Housing Project.
Subsequently, the defendant walked out of the house. The officers got out of their car and asked the defendant to stop. The *819 defendant had a syringe in his right hand. The defendant did not stop. Instead, he turned around and re-entered the house. He threw the syringe down by the front door and ran through the house toward the back door. Officers Selby and Williams chased him through the house, while Officer Stuart ran around the side of the house to the back door. Stuart apprehended the defendant as he ran out the back door.
As Selby and Williams chased the defendant through the house, they observed two other black males, later identified as Vincent Bellaire and Larry Coleman, in the bedroom of the house. They apprehended them.
Additionally, before Officer Stuart reached the back door, he saw two other black males run out the back door and jump over the fence before he could stop them.
Selby retrieved the syringe containing a clear liquid that the defendant had thrown down at the front door. (Contents of the syringe later tested positive for cocaine). Williams found eight bags of cocaine under a dresser in the bedroom where Bellaire and Coleman had been. The defendant, Bellaire and Coleman were then arrested.
ERRORS PATENT:
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR
The defense contends that the trial court erred in allowing testimony regarding "other crimes" committed by the defendant into evidence.
C.Cr.P. art. 770 mandates a mistrial only if the reference to "other crimes" is made by the judge, district attorney or court official. A policeman is not a "court official" for purposes of C.Cr.P. art. 770. State v. Harper, 430 So.2d 627 (La.1983). Under C.Cr.P. art. 770 the correct remedy for a reference to other crimes is an admonishment by the court. However, if an admonishment would be insufficient to cure the error, the court "may" order a mistrial. An admonishment under C.Cr.P. art. 771 is not necessary unless the remark constitutes an unambiguous reference to another crime. State v. Hayes, 414 So.2d 717 (La.1982).
The defendant contends that Detective Williams' reference at page 48 of the transcript to "previous instances" in which he had given testimony constituted a reference to "other crimes" committed by the defendant. This contention is erroneous, considering the context within which this statement was made.
During direct examination, Williams testified that he saw the defendant drop a syringe he held in his hand at the front door. During cross-examination, defense counsel pointed out to Williams that the police report which he had co-authored did not say that he saw the defendant drop the syringe. On re-direct, Williams began to say something about prior testimony he had given but defense counsel objected and moved for mistrial. On re-cross, defense counsel asked Williams why he had on re-direct examination referred to prior testimony he had given. The following exchange occurred:
Q. How did, Officer Williams, you independently on your own come up and volunteer about prior testimony?
A. For the simple fact, Mr. Meyer, you are pointing out the fact that that was not added in the police report.
Q. I know.
A. As you all know, when I testified in the previous instances, I testified to the throw-down of your client. I'm just explaining to you why, for my testimony, even though it doesn't coincide with the police report.
Q. I suggest to you it's awfully suspicious. Let me ask you this: When did you testify to this throwing down business?
A. In the trial of Vincentno, of Larry Coleman.
Tr. 47-48.
The reference to "previous instances" in which Williams testified refers to testimony Williams gave at the trial of Coleman. It does not refer to other crimes committed *820 by the defendant. Thus this argument is without merit.
The defense also argues that the trial court erred in allowing Williams to testify that both used and new syringes were found at the house and that Bellaire and Coleman were also charged for possession of drugs. He says that this is evidence of "other crimes" committed by defendant, that is, distribution of drugs. A review of the transcript at page 38 and pages 43-44, which are specifically cited by the defense in its brief, reveals that the trial counsel did not object to the introduction of this testimony; thus the defense is precluded from raising this issue on appeal. C.Cr.P. art. 841; State v. Guy, 575 So.2d 429 (La. App. 4th Cir.1991).
Even if the argument is considered, it is meritless. There is no implication in the testimony that the defendant was selling drugs at 2608 Congress Street. The testimony did not, for example, indicate that the defendant lived at 2608 Congress Street. Instead, it indicated that the house was owned by a woman named Eileen Thompson. Thus this argument is without merit.
Accordingly, for the reasons expressed above, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.