593 So.2d 882 (1992)
STATE of Louisiana, Appellee,
v.
William Lynn WHITE, Appellant.
No. 22946-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1992.
*884 Wilson Rambo, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., John Spires, Asst. Dist. Atty., Monroe, for appellee.
Before SEXTON, LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
A jury found defendant, William Lynn White, guilty as charged of armed robbery and second degree kidnapping, violations of LSA-R.S. 14:64 and LSA-R.S. 14:44.1, respectively. After considering a presentence investigation report (PSI), the trial court responded to the robbery offense by imposing thirty-three years of imprisonment at hard labor to be served without benefit of probation, parole or suspension. The second degree kidnapping conviction resulted in a sentence of twenty years at hard labor with the first five years to be similarly without such benefit. Additionally, the district judge directed that both terms of confinement be served concurrently.
Defendant now appeals, reserving four assignments of error. For the reasons hereinafter expressed, we affirm both convictions and sentences.

FACTS
In traveling toward California, defendant and Thomas Earl Hatchett, Jr., found themselves stranded in Ouachita Parish, Louisiana. Lacking funds to repair their inoperable vehicle, they took refuge for several days in an abandoned house near the interstate highway. On the morning of February 5, 1990, the two itinerants observed an elderly man, Emmett McGough, park his pickup in the driveway of the residence before walking into a nearby wooded area, apparently to hunt game. During the ensuing hours, while awaiting this individual's return, the pair decided to rob him and take his vehicle.
At approximately 2:00 p.m., when McGough again approached the house, the two men pointed sawed-off shotguns from inside the building and threatened to kill him. They soon stated their robbery intentions *885 and ordered him both to put down his hunting weapon and to hold his hands in the air. While Hatchett held a gun on their prey, White came outside. When the victim begged not to be robbed, White brutally struck him on the side of the head with the butt of his firearm. After the 69-year-old citizen emptied his pockets as demanded, the two robbers took possession of his truck keys and money, before leading him into the house. There, the malefactors restrained McGough with a rope and gagged him. Finally, after tying him to an exposed partition support, the pair fled in the pickup.
Shortly thereafter, the victim succeeded in freeing himself from the wall. Then, even with his arms and legs still bound, he managed to roll his body out of the dwelling, down the driveway, and onto the edge of an adjacent road. Fortunately, a law enforcement officer soon spotted him. Nonetheless, before receiving medical attention, McGough insisted upon giving a full statement concerning the incident. Authorities then quickly apprehended the two offenders driving the stolen truck, and White later admitted his actions.

DISCUSSION

Motion to Suppress
We first address defendant's fourth assignment of error. He there complains of the denial of his motion to suppress the confession given officers after his arrest. Specifically, it is contended that the recorded statement did not result freely and voluntarily but, instead, through the influence of alcohol and drugs. Also, he obliquely asserts that coercion transpired with reference to certain requested medical attention and the changing of his colostomy bag.
Of course, before introducing a confession into evidence, the state must prove that the defendant made the statement freely and voluntarily and without the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451; State v. Simmons, 443 So.2d 512 (La.1983); State v. Moseley, 587 So.2d 46 (La.App.2d Cir.1991), writ denied, 589 So.2d 1066 (La.1991); State v. English, 582 So.2d 1358 (La.App.2d Cir.1991), writ denied, 584 So.2d 1172 (La.1991). Likewise, when an accused has been questioned in a custodial environment, the prosecution is required to establish that his interrogators followed the dictates of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). State v. Simmons, supra.
Whether the state has adequately shown that the defendant spoke freely and voluntarily depends on the facts of each case. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); State v. Benoit, 440 So.2d 129 (La.1983); State v. English, supra. Moreover, a confession challenged on grounds of intoxication during interrogation remains admissible, unless the effect of the intoxicant negated the defendant's comprehension and rendered him unconscious of the consequences of what he said. State v. Robinson, 384 So.2d 332 (La.1980); State v. King, 573 So.2d 604 (La.App.2d Cir.1991).
Both investigating deputies in the present case stated that, after a full disclosure of his Miranda rights, defendant signed a standard waiver form and agreed to give a recorded statement. He then, according to these witnesses, consistently responded to their inquiries in an appropriate and rational manner. Each officer emphatically denied that any coercion or promises transpired, and additionally testified to observing nothing suggesting the influence of intoxicants. In fact, in answer to a direct question during the recording, White disclaimed any effects of alcohol or drugs, although mentioning the consumption of one beer about an hour earlier. One of the officers recalled defendant, upon briefly referring to a colostomy bag, being told that a nurse would later assist him. However, according to the officer, by no means did such care depend upon the accused giving a statement.
Conversely, defendant testified to having "taken two hits [of LSD] on the day [the offense] occurred," and also to drinking beer. He further contended that, upon requesting to change the colostomy bag, the *886 officer's response precluded any such care until after the interrogation concluded.
In deciding the free and voluntary nature of a confession, the trial court's ruling is entitled to great deference and will not be disturbed unless unsupported by the evidence. State v. Benoit, supra; State v. English, supra. So too, on such an issue, the fact-trier's conclusions as to the credibility of testimony are accorded great weight. State v. Messiah, 538 So.2d 175 (La.1988), cert. denied, 493 U.S. 1063, 110 S.Ct. 880, 107 L.Ed.2d 963 (1990); State v. Moseley, supra; State v. King, supra.
Here, the district court chose the testimony of the two investigating officers as being more credible. Their statements, in addition to refuting coercion, clearly negate any claim of intoxication sufficient to vitiate voluntariness. Furthermore, our review indicates defendant to have been coherent and capable of understanding the consequences of his admissions. Thus, the record more than adequately supports the rejection of White's assertions of intoxication and vague contentions of coercion.
This assignment lacks merit.

Denial of Motion for Mistrial
In his second assignment, defendant complains of the denial of a motion for mistrial urged when, during the playing of the previously discussed recorded statement, the jury heard a reference to other crimes.
In presenting its case, the state sought to introduce into evidence the tape-recorded statement obtained by the two deputies and additionally the document, signed by defendant, waiving his Miranda rights. Both items referred to other offenses arising from the events of February 5, 1990. By agreement, the state deleted the offensive wording from a copy of the waiver. Also, after both the prosecutor and defense counsel indicated that a similar problem existed at only one point on the recording, the state agreed to advance the tape past that reference.
There actually existed, although then unrecalled by either attorney, two separate areas of the tape where such references occurred. When the jury thus heard the second mention of other offenses, defendant moved for mistrial. After denying that request, the trial judge instead admonished the jury to disregard that aspect of the statement.
LSA-C.Cr.P. Art. 770 provides the mandatory grounds for mistrial under circumstances involving comments from a judge, prosecutor or court official. However, in that a law enforcement officer is not a member of the class governed by its terms, LSA-C.Cr.P. Art. 770 does not apply here. State v. Harper, 430 So.2d 627 (La. 1983); State v. Moore, 575 So.2d 928 (La. App.2d Cir.1991); State v. Johnson, 440 So.2d 838 (La.App.2d Cir.1983).
Rather, LSA-C.Cr.P. Art. 771 controls. In pertinent part, it states:
In the following cases, upon request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
. . . .
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark is within the scope of Article 770. In such cases, on the motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
Mistrial, a drastic remedy, is warranted only when substantial prejudice would otherwise result to the accused. State v. Smith, 418 So.2d 515 (La.1982); State v. Cushenberry, 407 So.2d 700 (La. 1981). Further, the determination of whether prejudice has resulted lies within the sound discretion of the trial court. Cf. State v. Hall, 549 So.2d 373 (La.App.2d *887 Cir.1989), writ denied, 556 So.2d 1259 (La. 1990); State v. McLeland, 456 So.2d 633 (La.App.2d Cir.1984), writ denied, 461 So.2d 312 (La.1984).
Given the sequence of events disclosed here, the trial judge clearly did not exceed his latitude by refusing to grant a mistrial. Instead, he correctly admonished the jury concerning the reference in question.
This assignment also is meritless.

Sufficiency of the Evidence
By another assignment, defendant challenges the sufficiency of the evidence to support his convictions. Concerning the armed robbery verdict, he maintains the state did not show he acted free from duress and intimidation by Hatchett, his co-perpetrator. He further contends the second degree kidnapping adjudication cannot be sustained because (1) the victim was not "carried or removed from one geographic location to another;" (2) any imprisonment, per LSA-R.S. 14:44.1 A(4) and B(3), did not exist in excess of 72 hours; and (3) imprisonment "is a set of facts and circumstances far different than those which occurred in this case."[1]
The criteria for evaluating sufficiency is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all elements of the crime had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984); State v. Chism, 436 So.2d 464 (La.1983); State v. Lard, 568 So.2d 629 (La.App.2d Cir.1990). That standard, initially enunciated in Jackson, and now legislatively embodied within LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La. 1983); State v. Willis, 446 So.2d 795 (La. App.2d Cir.1984).
LSA-R.S. 14:64 defines armed robbery as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
Given that definition, defendant's attack upon his armed robbery conviction is conspicuously unimpressive. We thus find no need to belabor the point. Plainly, a rational trier of fact, upon viewing the evidence in the light most favorable to the prosecution, could find guilt beyond a reasonable doubt.
Nor is defendant's argument concerning second degree kidnapping, LSA-R.S. 14:44.1, greatly persuasive. Although no decision has previously interpreted this Article, adopted in 1989, its provisions apply when any one occurrence mentioned in Subsection B combines with any one occurrence enumerated in Subsection A. Certainly, by forcibly and bodily constraining McGough from departing the vacant house, where they abandoned him, bound and gagged, the offenders imprisoned [Subsection B(3) ] their victim. Additionally, defendant so acted while armed with a dangerous weapon [Subsection A(5) ], a sawed-off shotgun.
Subsection B(3) requires neither movement of the victim, nor that the imprisonment exist for any minimum period of time. The jury, then, in reference to the charge of second degree kidnapping, could quite logically find defendant guilty beyond *888 a reasonable doubt. Such a determination, of course, should not be disturbed on appeal. See State v. Mussall, 523 So.2d 1305 (La.1988); State v. Lewis, 577 So.2d 799 (La.App.2d Cir.1991), writ denied, 582 So.2d 1304 (La.1991). Thus, the assignment lacks merit.

Excessive Sentence
Finally, another assignment maintains defendant's sentences to be excessive. Of course, a two-step process is utilized by a reviewing tribunal in evaluating such a contention. On the first issue of LSA-C.Cr.P. Art. 894.1 compliance, see State v. Smith, 433 So.2d 688 (La.1983); State v. Lanclos, 419 So.2d 475 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). Concerning the second question, whether the incarceration term is too severe in light of the circumstances of the case and the defendant's background, see LSA-Const. Art. 1, § 20; State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980).
Defendant argues that his terms of incarceration are excessive when compared to the sentence of the co-offender. In his appellate brief, he states that another division of the district court ordered Hatchett imprisoned for twenty years at hard labor without benefit of probation, parole or suspension of sentence, all pursuant to a plea agreement.
First of all, such information is not contained in the record before us and may, consequently, neither be received nor reviewed. State v. Davis, 568 So.2d 190 (La.App.2d Cir.1990), writ denied, 572 So.2d 62 (La.1991); State v. Dean, 528 So.2d 679 (La.App.2d Cir.1988). Second, if we correctly read the transcript, Hatchett's case remained pending at the time of defendant's sentencing. Third, a trial judge is not required to treat co-defendants equally. State v. Rogers, 405 So.2d 829 (La.1981); State v. McLeland, supra. Instead, disparity of sentences between co-offenders is merely one factor among all other valid considerations. Id.
Review of the present record reflects ample consideration of the statutory guidelines in particularizing the sentences imposed. The PSI classified the 24-year-old defendant, previously convicted of two counts of third degree burglary in Alabama, as a second felony offender. A gunshot wound, sustained by him in an argument about a year before the instant crimes, severed a testicle and resulted in the earlier mentioned colostomy.
Noting that the conduct at hand subjected the elderly victim to a savage battery to the head, along with threats of death, the district judge determined that any lesser sentence would deprecate the extremely serious nature of the offenses. Mindful that convictions of armed robbery and second degree kidnapping pose the potential for a combined term of 139 years imprisonment at hard labor, we fail to view defendant's 20 and 33 year concurrent sentences as constitutionally excessive.
This assignment, like the other three, is without merit.

CONCLUSION
For the foregoing reasons, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:44.1 states, in pertinent part:

A. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:
(1) Used as a shield or hostage;
(2) Used to facilitate the commission of a felony or the flight after an attempt to commit or the commission of a felony;
(3) Physically injured or sexually abused;
(4) Imprisoned or kidnapped for seventy-two or more hours, except as provided in R.S. 14:45(A)(4) or (5); or
(5) Imprisoned or kidnapped when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon.
B. For purposes of this Section, kidnapping is:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person....