625 So.2d 228 (1993)
STATE of Louisiana, Appellee,
v.
Freddie HARRIS aka Nookie, Appellant.
No. 25169-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
*229 Daye, Bowie & Beresko by Alfred R. Beresko, Shreveport, for appellant.
James M. Buller, Dist. Atty., by L. Charles Minifield and Charles McConnell, Asst. Dist. Attys., Minden, for appellee.
Before SEXTON, LINDSAY and STEWART, JJ.
STEWART, Judge.
After a trial by jury, Freddie "Nookie" Harris was convicted of four counts of distribution of cocaine. He was sentenced to 12 years at hard labor on each count to run concurrently. Harris was sentenced September 9, 1991. The sentencing guidelines are therefore inapplicable. Defendant appeals his conviction on several grounds. We affirm.

FACTS
In March of 1990, the Bienville-Claiborne-Webster Parishes Narcotics Task Force conducted an operation in which undercover officers and a confidential informant rode around in a car together making drug purchases in Minden.
On March 10, 1990, the undercover officers and confidential informant were on Chestnut Street in Minden where they saw several men standing near a corner. As they pulled up to the corner, they were approached by Harris, who asked them what they wanted. Officer Sample stated that he wanted to buy a $40 rock. Harris sold him two off-white stoney rocks. Officer Jackson also stated he wanted to buy a rock, which he did for $20. Each of the rocks was later determined to be cocaine.
On March 30, 1990, a set of undercover agents again went to the same street in Minden. On that night, Deputy Wilson and Officer Skinner purchased $20 rocks from *230 Harris. Also present with Harris was Toronto Thomas.
Harris was charged with, and convicted of, four counts of distribution of cocaine. He was sentenced to 12 years at hard labor on each count to run concurrently. Harris appeals, asserting that the trial court erred in several of its rulings and that there was insufficient evidence to support his conviction. We disagree.

DISCUSSION
Harris asserts that the trial court erred in allowing presentation of certain testimony and in its rulings on several motions for mistrial. Harris also challenges as error a portion of the jury instruction and contends that the evidence was insufficient to support his conviction.

Mistrial
Harris' counsel made several motions for mistrial. None were granted. Harris asserts that the trial court erred in denying his motions for mistrial regarding (1) prejudicial statements made by two law enforcement officers, and (2) the state's closing argument. We shall first examine the legal principles, then discuss the motions for mistrial, regarding the officers' remarks.
Legal Principles: Remarks by Law Enforcement Officers
Mistrial, based upon prejudicial remarks, is governed by LSA-C.Cr.P. Art. 770. This article provides the mandatory grounds for mistrial under circumstances involving comments from a judge, prosecutor or court official. In general, a law enforcement officer's unsolicited, unresponsive reference to another crime by the defendant is not the comment of a "court official" under the provisions of LSA-C.Cr.P. Art. 770. See State v. Goods, 403 So.2d 1205, n. 2 (La.1981), and cases cited therein. Because a law enforcement officer is neither a judge, prosecutor, nor court official, LSA-C.Cr.P. Art. 770 does not apply under these circumstances. See State v. White, 593 So.2d 882, 886 (La.App. 2d Cir.1992), and cases cited therein; see also, State v. Gene, 587 So.2d 18 (La.App. 2d Cir.1991), writ denied, 604 So.2d 993 (La. 1992).
The authority for a mistrial in this situation is found in LSA-C.Cr.P. Art. 771. This article provides that the judge shall promptly admonish the jury to disregard a remark or comment which is irrelevant or immaterial and is such that might prejudice the defendant,
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on the motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
Thus, a mistrial may be granted under LSA-C.Cr.P. Art. 771 when an admonition is deemed to be insufficient to assure the defendant a fair trial. A mistrial is a drastic remedy and is warranted only when trial error results in substantial prejudice to the defendant sufficient to deprive him of a fair trial. State v. Harris, 383 So.2d 1 (La.1980); State v. Goods, supra at 1207. Article 771 places the decision of whether to grant a mistrial or to admonish the jury within the sound discretion of the trial court. State v. Harris and State v. Goods, both supra. This decision will not be disturbed absent a showing of a manifest abuse of discretion. State v. Gene and State v. White, both supra.
An admonition under LSA-C.Cr.P. Art. 771 is not necessary unless the remark constitutes an unambiguous reference to another crime. State v. Walker, 593 So.2d 818, 819 (La.App. 4th Cir.1992). Absent a showing of a pattern of unresponsive answers or improper intent by the law enforcement officer or prosecutor, such comments would not fall within the purview of mistrial pursuant to LSA-C.Cr.P. Art. 771. See State v. Goods, supra, 403 So.2d at n. 2, and cases cited therein.
Testimony of Deputy Wilson
Defense counsel objected and requested a mistrial when Deputy Saul Wilson *231 testified that Deputy Haynes knew that Frederick Harris was a known drug dealer. Harris assigns as error the trial court's refusal to grant a mistrial based upon Deputy Wilson's testimony.
The following colloquy transpired during defense counsel's cross-examination of Deputy Wilson:
Q. Now did the confidential informant tell you that specifically she named Mr. Harris as being the person that sold you drugs?
A. Yes sir, he did. The only thing said was there was about a nickname Nookie.
Q. And who identified him as Mr. Harris?
A. We was later told that his name was Frederick Harris.
Q. Somebody else told you that later?
A. Yes.
Q. Was that during some kind of photographic lineup where you had pictures of the various people?
A. After we released the evidence in and told them who the suspect was I bought from, Deputy Haynes then told us that was Frederick Harris.
Q. Based on no picture?
A. Just ...
Q. There was no picture?
A. I guess just based on him knowing that he's a known drug dealer.
At this point the defense attorney objected and requested that the jury be removed. He then requested a mistrial, which was denied. When the jury returned, the trial judge gave the following admonition:
Ladies and gentlemen of the jury, you need to make certain and disregard anything that this witness or any other witness said that was told to them by somebody else. Like somebody else's opinion about something. You need to disregard that. Particularly the last comment that was made before we took a break. You need to disregard what someone else may have said, and base your critique of the witness on what he himself has observed. Thank you.
Harris insists that the witness' comment warrants a mistrial because it refers to other crimes and prejudices him before the jury.
In State v. Gene, supra, the court enumerated the following three factors which should be considered in deciding the need for a mistrial:
(1) Whether the statement was deliberately elicited by the district attorney?
(2) Whether the answer was responsive to the question? and
(3) Whether the witness purposely uttered it to prejudice the defendant?
In the instant situation, the witness made the statement while under cross-examination by defense counsel. The district attorney did not elicit this information from the witness, deliberately or otherwise. The answer was unresponsive. It is difficult to determine whether the witness said this for the purpose of causing prejudice to the defendant. It appears that he was trying to explain Deputy Haynes' basis for knowing that the name Nookie was Harris' nickname. Harris has made no showing of a pattern of unresponsive answers or improper intent by the Deputy Wilson.
The comment made by the officer clearly indicates that the defendant had been involved in other crimes and was therefore prejudicial. However, admonitions have been deemed sufficient to cure prejudice from admission of other crimes evidence. See State v. White, supra (where portions of a taped confession, which contained other crimes evidence, were inadvertently played for the jury); State v. Johnson, 440 So.2d 838 (La.App. 2d Cir.1983) (where a police officer was asked whether or not he had been involved in the arrest of the defendant and responded that he had not been involved in the defendant's first arrest).
Likewise, admonitions were found sufficient in cases where officers referred to the defendant being identified through police files or mug shots. See, e.g., State v. Barry, 428 So.2d 521 (La.App. 2d Cir.1983) and State v. Jones, 332 So.2d 466 (La.1976).
The instant unresponsive remark was made by Deputy Wilson after defense counsel had asked the basis for Deputy Haynes' *232 identification of Nookie as Frederick Harris. Defense counsel was attempting to elicit objectionable testimony, i.e., testimony by Deputy Wilson about Deputy Haynes' knowledge or understanding. Deputy Wilson guessed about the basis for Deputy Haynes' association of the name "Nookie" with that of Harris, and the trial court admonished the jury to disregard evidence which did not come from the witness' personal knowledge. While this does not excuse the unresponsive remark made by Deputy Wilson, under these circumstances the remark was not so prejudicial as to deprive Harris of a fair trial. See and compare, State v. Goods, supra at 1208.
We find that the admonition was sufficient to cure any prejudice the defendant may have suffered. We find no abuse of the trial court's discretion in the matter. This assignment of error is without merit.
Testimony of Deputy Haynes
Harris argues that the trial judge erred in allowing Deputy O.H. Haynes, III to be recalled as a witness and that a mistrial should have been granted pursuant to either LSA-C.Cr.P. Art. 770 or LSA-C.Cr.P. Art. 771 due to the testimony of Deputy Haynes which was based on prior knowledge.
Upon recall, Deputy Haynes identified Harris and stated that he had known him for several years. Defense counsel argues that this prejudiced Harris in the jury's eyes because it indicated that he was a drug dealer. Further, Harris urges that Deputy Haynes should have known better than to testify in this manner due to his previous experiences testifying and due to the fact that a mistrial was previously granted in this case due to Officer Haynes' testimony.
The recall of a witness lies within the sound discretion of the trial judge. State v. Scroggins, 465 So.2d 820 (La.App. 2d Cir. 1985), writ granted in part, 469 So.2d 975, reconsideration denied, 472 So.2d 914 (La. 1985). There is no indication that the trial judge abused his discretion in allowing the state to recall this witness.
When Deputy Haynes was recalled, he stated that he had known the defendant for three or four years. He identified the defendant and stated that he also knew the defendant by the names Nookie and Freddie. Defense counsel did not cross-examine the witness. The fact that a police officer knows a defendant and has known him for several years does not imply that the defendant has committed other crimes. State v. Young, 426 So.2d 370 (La.App. 2d Cir.1983). The state elicited this information to explain to the jury how Deputy Haynes associated the name "Nookie" with defendant Harris. We find no error in the trial court's denial of this request for mistrial.
We now turn to address Harris' assertion that the trial court should have granted a mistrial due to statements made during the state's closing argument.
Closing Argument
Harris asserts that the trial court erred in denying his Motion for a Mistrial based upon the following statement,[1] made by the Assistant District Attorney during closing argument:
If you have no defense, try the officer. Try the officer. And he has offered no evidence to repute (sic) what those officers said.
The defendant asserts that this comment refers to the defendant's failure to testify, therefore, the trial court erred in failing to grant a mistrial under LSA-C.Cr.P. Art. 770.
When a direct or indirect comment is made as to the defendant's failure to testify by the district attorney, a mistrial shall be granted. LSA-C.Cr.P. Art. 770. Reference to the lack of contradicting evidence presented by the defense constitutes an indirect reference to the defendant's failure to testify, if the defendant is the only person who could provide evidence which would rebut that presented by the state. In such a case, a mistrial must be granted. State v. Martin, 475 *233 So.2d 101 (La.App. 2d Cir.1985); State v. Watts, 596 So.2d 306 (La.App. 3d Cir.1992), writ denied, 599 So.2d 316 (La.1992); and State v. Moser, 588 So.2d 1243 (La.App. 1st Cir.1991), affirmed, 594 So.2d 1314 (La.1992).
In the present situation, as in Watts, supra, other people were present during each sale. Officer Jackson testified that there were other people on the street corner at the time of the March 10, 1990, sale. Deputy Wilson and Officer Skinner both testified that the defendant was accompanied by Toronto Thomas at the time of the March 30, 1990. Thus, Harris was not the only person who could have testified to refute the state's case. This statement by the assistant district attorney, therefore, was not a comment on the defendant Harris' failure to testify. We find no error in the trial court's denial of this request for a mistrial.

Jury Instruction
Harris asserts that the trial court erred in instructing the jury that the witnesses are presumed to have told the truth. Harris asserts that the inclusion of this statement constitutes reversible error because it places on the defendant the burden of proving that the witnesses were not truthful.
Harris challenges as error the italicized portion of the following excerpt from the jury charge:
You alone shall determine the weight and credibility of the evidence. It is presumed that the defendant is innocent; It is further presumed that the witnesses have told the truth. However, such presumption may be overcome by the evidence and you are the sole judges of these issues.
As the sole judges of the credibility of witnesses and the weight their testimony deserves, you should carefully scrutinize the testimony given and the circumstances under which the witness has testified.
In evaluating the testimony of a witness, you may consider his ability and opportunity to observe and remember the matter about which he testified, his manner while testifying, any reason he may have for testifying in favor of or against the State or the defendant, and the extent to which his testimony is supported or contradicted by other evidence. If you find that a witness has been impeached, you may disregard all or part of his testimony as you see fit.
The Louisiana Supreme Court found valid a similar instruction in State v. Clark, 492 So.2d 862 (La.1986). Relying upon Cupp v. Naughten, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), the court stated the following in State v. Clark, supra at 869:
As in [the Cupp v. Naughten] case, the instructions given in this one, viewed as a whole, were adequate to impress upon the jury that a defendant is presumed innocent, that the burden to prove guilt rests on the state, and that the jury is "free to exercise its collective judgment to reject what it [does] not find trustworthy or plausible." 414 U.S. at 149, 94 S.Ct. at 401.
In other words, the instruction must be viewed in the context of the overall charge and not in isolation. Cupp, supra.
The instant jury instruction emphasized the state's burden of proof and the presumption of innocence. When viewed in its entirety, the instruction as to the witnesses' truthfulness did not shift the burden of proof to the defendant. The jury was amply instructed as to how it could exercise its function as trier of fact. We find that the trial court did not err in so instructing the jury.

Sufficiency of the Evidence
The defendant challenges the sufficiency of the evidence, asserting that the identification of Freddie Harris is suspect, as is the chain of custody of the purchased cocaine. Defendant points out the witness' inability to recall the drug transactions which occurred both immediately prior to, and after, the charged offenses. He also challenges the physical description of the defendant as given by Deputy Wilson.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements *234 of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La. App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
This court's authority to review questions of fact in a criminal case is limited to the "sufficiency of the evidence" evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-Const. Art. 5 § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987).
Evidence presented to the jury included the following: Officer John Jackson came to Minden on March 10, 1990, where he met with Deputy Wilson, Officer Sample and Deputy Haynes. Deputy Haynes gave him some money to use for the purchase of narcotics. Once on Chestnut Street, a man called Nookie approached the rental car in which the officers were riding and asked the occupants what they wanted. Officer Sample stated he wanted to buy a $40 rock. The defendant handed him two off-white, stony rocks that the witness believed were cocaine. Officer Jackson then said he would like to buy one, too, so the defendant reached across the car and handed him a rock for $20. Deputy Wilson saw these drug transactions.
After the transaction, they drove up the street. Each officer placed the purchased cocaine in a piece of paper on which he wrote the date and time of the purchase and from whom and where he made the purchase. Each officer placed this in his pocket and later gave the evidence to Deputy Haynes.
The jury further heard that Freddie Harris, the man sitting in court next to the defense attorney, was the person called Nookie who had sold cocaine to the officers on March 10, 1990.
The jury also heard that, on March 30, 1990, Deputy Wilson, Officer Terry Skinner, and Officer Jackson were part of another undercover operation in Minden. They went to Chestnut Street that night to purchase drugs and saw Harris, accompanied by Toronto Thomas. The officers asked Harris if they had some crack. The officers saw Harris hand Thomas some crack. Thomas then allowed Deputy Wilson to pick his own rock and purchase it for $20. Officer Skinner then purchased cocaine from Harris, who retrieved the drugs from Thomas. Each rock of cocaine was placed in a piece of paper, marked with a date and approximate time of the transaction, and later given to Deputy Haynes.
The jury further heard that the person sitting in court was the same man from whom these officers purchased cocaine on March 30, 1990. Deputy Wilson stated that he thought the defendant's hair was a little longer in March of 1990 than it was at trial and that it had a little curl in it.
On cross-examination, the witnesses to all four drug transactions testified that they did not remember details about sales prior to or following the transactions with Harris. Each witness explained that the times used to mark the evidence (the cocaine) were approximate, as the markings were made after the transactions took place. Each witness testified that he was concentrating on the case at hand and could not recall other unrelated purchases without first reviewing his individual report.
The defense produced two witnesses who stated that the defendant's hair in 1990 was *235 the same as it was at trial and had not been longer or curled.
Harris asserts that the testimony of the undercover officers is suspect, as well as the chain of custody of the cocaine. He emphasizes the fact that none of the officers could remember the other persons from whom they had purchased cocaine on the date of these charges. He questions their credibility.
The fact that the witnesses were unfamiliar with unrelated cases occurring in the same time frame as the charges at issue does not make them unreliable. The jury made its credibility determinations. A reviewing court will not overturn such a credibility decision made by a trier of fact absent an abuse of discretion. After viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of distribution of cocaine proven beyond a reasonable doubt. This assignment of error is without merit.

Error Patent
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief (PCR). The record shows the court did not so inform defendant. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); LSA-C.Cr.P. Arts. 921, 930.8(C). The district court is directed to give defendant written notice of the prescriptive period for applying for PCR within ten days of the rendition of this opinion and to file defendant's receipt of such notice in the record of the proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).

CONCLUSION
For the foregoing reasons, Harris' conviction is affirmed.
AFFIRMED.
NOTES
[1] Defendant states that other similar comments were made in the state's rebuttal but no objection was made at the time. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. State v. Jackson, 523 So.2d 251 (La.App. 2d Cir.), writ denied, 530 So.2d 565 (1988); LSA-C.Cr.P. Art. 841. Therefore, only the comment objected to can be considered.