NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-484

STATE OF LOUISIANA

VERSUS

TERRY YOUNG

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 156,000
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

David Lafargue
Assistant District Attorney
P. O. Box 277
Marksville, LA 71351
(318) 253-7521
Counsel for Appellee:
    State of Louisiana

**Charles A. Riddle, III**
**District Attorney**
**P. O. Box 1200**
**Marksville, LA 71351**
**(318) 253-6587**
**Counsel for Appellee:**
     **State of Louisiana**

**Donald R. Dobbins**
**Attorney at Law**
**327 North Boulevard, Suite 103**
**Baton Rouge, LA 70801**
**(225) 387-6010**
**Counsel for Defendant/Appellant:**
     **Terry Young**

**DECUIR, Judge.**

After a jury trial, Defendant, Terry Young, was convicted of illegal use of a weapon or dangerous instrumentality, a violation of La.R.S. 14:94. Defendant alleges the trial court erred by denying his request for a mistrial after the testimony of one of the witnesses.

## FACTS

The victim, Francis Keller, was previously married to Abigail Lastrapes Keller, and they had three children together. The Bunkie Police Department had calls on a weekly, if not daily, basis involving Defendant, Ms. Keller, and Mr. Keller. Defendant's charge arose out of an incident on March 9, 2009.

Mr. Keller alleged Defendant, on that date, drove by his business while he was placing a trash can at the road and fired a revolver at him. When asked at trial what he was doing that afternoon, Mr. Keller responded with testimony lasting more than two pages in the transcript that included a reference to Defendant as "a convicted drug dealer." Defendant did not object immediately but waited until the State offered its next exhibit to ask the trial court to excuse the jury so that he could make a motion for mistrial.

As grounds for the mistrial, Defendant argued Mr. Keller had "basically forced [him] to take the stand to defend himself" by "[c]alling him a convicted drug dealer in front of the jury" and had thus taken away Defendant's constitutional right to remain silent. He contended the reference to a crime other than that for which he was on trial provided the basis for the mistrial. The trial judge found the reference to a prior felony conviction was "totally improper." The State offered a stipulation to be read to the jury that the testimony was not to be accepted as a correct statement, but Defendant would not agree to it. The trial judge then ruled he would admonish the jury and instruct Mr. Keller not to make

further "unsolicited remarks concerning the character of [Defendant]," with the warning he would declare a mistrial if Mr. Keller did not heed. He denied the motion for mistrial, and Defendant noted his objection.

Defendant took the stand and testified about the events of the day of the incident. During cross-examination, the State asked Defendant if he had ever been convicted of a crime. Defendant responded he was convicted of possession of cocaine with intent to distribute in 1989. In 1992, a cocaine rock belonging to someone else was found in Defendant's car, and he "had to take to the charge" because the vehicle was his. Defendant testified he has been a "[p]roductive citizen . . . even so productive the Judge who convicted [him], let [him] open up his million dollar business at Piggly Wiggly," and he ran the Judge's store for "almost three years."

Defendant was found guilty, and he received the minimum sentence of five years.

### ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent.

Although the minutes from sentencing indicate the trial court advised the Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8, the transcript of the sentencing hearing does not. Thus, the trial court is directed to inform the Defendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof in the record that the Defendant received the notice. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

2

## ASSIGNMENT OF ERRORS NO. 1 AND NO. 2

Defendant contends the trial court erred by failing to declare a mistrial after Mr. Keller's inadmissible remarks. He argues this amounted to prejudicial conduct inside the courtroom that made a fair trial impossible.

"[A] mistrial shall be ordered . . . when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial . . . ." La.Code Crim.P. art. 775. When a witness makes a remark that is "irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury," the trial court may "admonish the jury to disregard a remark or comment." La.Code Crim.P. art. 771. The trial court's denial of the motion may not be overturned absent an abuse of discretion. *State v. Winston*, 97-1133 (La.App. 3 Cir. 12/9/98), 723 So.2d 506, *writ denied*, 99-205 (La. 5/28/99), 743 So.2d 659 (citing *State v. Ortiz,* 96-1609 (La. 10/21/97), 701 So.2d 922, *cert. denied,* 524 U.S. 943, 118 S.Ct. 2352 (1998)).

In *Winston*, a witness, in an unsolicited comment, referred to the defendant as a "con man all up and down Louisiana." *Id.* at 512. The trial judge admonished the jury to disregard the remark. Likewise, in *State v. Harris*, 625 So.2d 228 (La.App. 2 Cir. 1993), a deputy testified another deputy knew the defendant as a drug dealer. The second circuit found the jury admonition to disregard evidence not coming from the witness's personal knowledge was sufficient.

Here, the trial judge told the jury it was "not to consider and accept that testimony as being true." He instructed them to "entirely disregard any testimony by Mr. Keller stating that he did not want his children around [Defendant] because he was a convicted drug dealer." In light of the jurisprudence, the trial court did not abuse its discretion in denying the mistrial and admonishing the jury in

3

accordance with La.Code Crim.P. art. 771. Further, Mr. Keller's remark did not create such a prejudicial environment that Defendant could not receive a fair trial.

## DECREE

For the foregoing reasons, the trial court did not err in denying Defendant's motion for mistrial. Defendant's conviction and sentence are affirmed.

The case is remanded and the trial court is directed to inform the Defendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof in the record that the Defendant received the notice.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.